LOTTINGER, Judge.
The State filed a petition alleging that Johnny Ray McManus committed simple robbery. La. R.S. 14:65. Subsequently, the petition was amended to a charge of first degree robbery. La.R.S. 14:64.1. After an adjudication hearing, the trial court found that the juvenile had committed first degree robbery. He was adjudicated a delinquent and committed to the custody of the Department of Public Safety and Corrections until age twenty-one.[1] The juvenile has appealed, alleging one assignment of error, as follows:
1. The trial court erred in failing to dismiss the petition after more than thirty days had elapsed between the appearance to answer and the adjudication hearing.
At approximately 10:30 a.m. on February 26, 1989, Robert Bergeron rode his bicycle to a grocery store in Houma, Louisiana. On his return home, he was carrying a bag of groceries. A white Trans Am pulled alongside him; and a passenger, later identified as Keith Owens, said that Bergeron had dropped something. He turned around and rode back toward the store for a short distance, looking for the dropped item. When he discovered that he had not dropped anything, he turned around and headed toward his home. However, the white Trans Am had also turned around and pulled directly in front of his bicycle, cutting him off. Keith Owens got out of the car, ordered him to surrender the bag of groceries, and threatened him with a knife. The driver, later identified as Johnny Ray McManus, indicated that Bergeron had better do as he was told if he did not want to be injured. Keith Owens took the bag of groceries and got back into the car. Bergeron rode home and reported the incident to his mother. The police were called, and the suspects were apprehended approximately one hour later. The bag of groceries and the knife were found in the back seat of Johnny Ray McManus’ white Trans Am.
ASSIGNMENT OF ERROR
In his only assignment of error, the juvenile contends that the trial court erred in refusing to dismiss the petition when the juvenile had been held in custody for more than thirty days since the appearance to answer hearing.
The juvenile was arrested on February 26, 1989. At a hearing the following day, February 27, the trial court noted that other charges were pending against the juvenile, in addition to the instant charge, and concluded that the juvenile should be continued in custody. On March 2, 1989, the juvenile and his mother requested a contin *12 uance and the appointment of another attorney. The trial court appointed a new attorney and scheduled the appearance to answer hearing for March 22 and the adjudication hearing for May 4.
On March 22, the juvenile appeared and denied the allegations in the petition. Defense counsel requested that the juvenile be released from custody, complaining that the juvenile could not assist in the location of witnesses if continued in custody. The trial court denied the request, but arranged for the juvenile to be released for a twenty-four hour period in order to assist defense counsel in locating witnesses.
On May 4, immediately before the adjudication hearing, defense counsel noted that the juvenile had been held in custody for more than thirty days since the appearance to answer hearing. Citing La. C.J.P. article 67, defense counsel requested that the juvenile be released from custody. The trial court granted this motion. Defense counsel also requested that the petition be dismissed, but the trial court denied this motion. After the hearing, the juvenile was founds to have committed first degree robbery as charged and was adjudicated a delinquent.
La. C.J.P. article 67 provides:
If the child is continued in custody pursuant to Chapter 5, the adjudication hearing shall commence within thirty (30) days of the appearance to answer the petition. If the child is not continued in custody, the adjudication hearing shall commence within ninety (90) days of the appearance to answer the petition.
For good cause, the court may extend such period.
If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and may dismiss the petition.
On February 27, the trial court concluded that, because of the pending charges and the instant charge against the juvenile, he should remain in custody. At the hearings on March 2 and March 22, the trial court noted that the juvenile was in custody and ordered that he be continued in custody. La. C.J.P. article 67 provides for the extension of the thirty day period between the appearance to answer and the adjudication hearing if good cause is shown. It also gives the trial court discretion in deciding whether or not to dismiss a petition when the adjudication hearing has not been commenced timely. In the instant case, the appearance to answer hearing occurred on March 22, and the adjudication hearing on May 4, forty-three days later. Although the trial court did not hold a hearing for the sole purpose of determining the custody issue, nor did the trial court specifically state that the thirty day period would be extended for good cause, it is obvious that at each hearing noted above the trial court was aware of the juvenile’s detention and ordered it continued until the May 4 adjudication hearing. Based on the initial reason for ordering custody (the pending charges and the instant charge), we conclude that the trial court did not abuse its discretion in denying defense counsel’s motion to dismiss the petition.
This assignment of error is meritless.
Therefore, the adjudication of delinquency and disposition are affirmed.
AFFIRMED.

. In earlier, unrelated proceedings, the juvenile was adjudicated a delinquent and received an identical disposition of commitment to the Department of Public Safety and Corrections until age twenty-one. The instant disposition was ordered to run concurrently with the previous disposition.