MARCUS, Justice.*
On February 21, 1992, the state filed a petition in the Juvenile Court for the Parish of East Baton Rouge, alleging that R.D.C., a fourteen year old juvenile, violated La.R.S. 14:43.1 in that he committed sexual battery upon a named female. The petition requested that the child be adjudicated delinquent and/or in need of supervision. An appearance hearing was held on April 29, 1992, at which time the court appointed a public defender to represent R.D.C. The child denied the allegations of the petition and the court set the matter for adjudication hearing on June 30, 1992. On May 13, 1992, the child filed a motion seeking exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). That motion was satisfied on June 4, 1992. On June 30, 1992, the day the hearing was set, the state requested a continuance on the ground that one of its witnesses, the officer that investigated the case, was out of town on vacation. The child’s attorney agreed to the continuance, but asked “that the prosecution be instructed that we’d like to go ahead next time.”. The court granted the continuance, stating:
On motion of the State, this-matter will be reassigned for trial. This will be the State’s only continuance, so, pick a trial date that you can reasonably expect to proceed on.
After discussing several dates, the state and the child eventually agreed on August 4,1992 for the adjudication hearing.
At the time of the hearing on August 4, 1992, the state again sought a continuance, on the ground that Dr. Stephanie Cave, one of its key witnesses, was unavailable because she was on vacation, and the state was not prepared to go forward without her. The child opposed the continuance, based on the court’s earlier statement that it would not grant any further continuances. The court denied the state’s motion for continuance. The state then moved to dismiss the petition, noting that the petition would be refiled. The court granted the motion to dismiss.[1]
*747 The next day, August 5, 1992, the state filed a second petition seeking to have R.D.C. adjudicated delinquent and/or in need of supervision. That petition was basically identical to the petition previously filed on February 21, 1992. On November 2, 1992, the child denied the allegations of the petition. The adjudication hearing was set for March 23,1993. On January 26,1993, the child filed a motion to dismiss the petition as untimely pursuant to La.Ch.Code art. 877, contending that the adjudication hearing was not commenced timely after the appearance to answer the original petition (April 29, 1992). After a hearing, the court denied the motion to dismiss.[2] The child applied to the court of appeal, which denied the writ:
WRIT DENIED: La.C.Cr.P. art. 576 bars further prosecution only if the dismissal was for the purposes of avoiding the time limitation for the commencement of trial. The second paragraph of Article 576 does not create a presumption that the prosecution has been dismissed in order to circumvent the time limitation for commencement of trial. See State v. Foster, 510 So.2d 717 (La.App. 1st Cir.1987), vacated in part, 519 So.2d 138 (La.1988).
Upon the child’s application, we granted cer-tiorari to consider the correctness of the juvenile court’s decision.[3]
The sole issue before us is whether the juvenile court erred denying the child’s motion to dismiss the petition on the ground that the adjudication hearing was not commenced timely pursuant to La.Ch.Code art. 877.
La.Ch.Code art. 877 provides:
Art. 877. Adjudication hearing; time limitations
A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
In the instant case, the child was not continued in custody, so the hearing should have commenced within ninety days of April 29, 1992, the date he appeared to answer the petition. Applying the formula for computation of time set forth in La.Ch.Code art. 114, the adjudication hearing should have commenced by July 29, 1992. The hearing was timely set,[4] but the state refused to go forward with the hearing as set. In denying the state’s continuance, the court implicitly found no good cause under La.Ch.Code art. 877(D) to extend the period. The adjudication hearing was ultimately not set until March 23, 1993. Thus, the hearing did not commence timely, and dismissal of the petition is mandated under La.Ch.Code art. 877(C).[5]
Nonetheless, the state contends that it has the power to dismiss and refile the petition, in effect beginning the ninety day period anew. While the state concedes that the Children’s Code itself does not deal with the refiling of a petition, it argues that La. *748 Ch.Code art. 104 allows it to look to the Code of Criminal Procedure in those cases where procedures are not provided for in the Children’s Code.[6] Accordingly, the state relies on La.Code Crim.P. art. 576 as authority to refile:
Art. 576. Filing of new charges upon dismissal of prosecution.
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal ivas not for the purpose of avoiding the time limitation for commencement of trial established by Article 578. (emphasis added).
The state contends there is no evidence that it refiled the petition in order to avoid the time limits for commencement of trial.
We reject the state’s approach, finding there is a fundamental difference between the Code of Criminal Procedure and the Children’s Code in the area of time limitations for commencement of trial. Under the Code of Criminal Procedure, the time limits for commencement of trial may only be interrupted or suspended for specifically enumerated reasons set forth in La.Code Crim.P. arts. 579 and 580, and there is no mechanism for the trial judge to extend the time limits for good cause. Therefore, the Code of Criminal Procedure gives the state the option of dismissing and refiling its charges in those instances when it can make a showing that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial. See, e.g., State v. Hearin, 409 So.2d 577 (La.1982) (prosecution was dismissed because of the state’s inability to locate the complaining witness and not in order to circumvent the time limitations for commencement of trial). By contrast, the Children’s Code builds in a mechanism in La.Ch.Code art. 877(D) for the state to obtain an extension of the time limits to commence the adjudication hearing by making a showing of good cause. Under this article, there is no need for the state to dismiss and then justify its refiling after the period has run; rather, it is incumbent on the state to make a showing of good cause and obtain an extension before the period has run. In the event that a good cause extension is not granted and the period runs out, the state may not refile its petition.[7] Otherwise, the good cause requirement of La.Ch.Code art. 877(D) would be rendered meaningless, since the state could always circumvent an adverse decision by simply dismissing and refiling the petition.
In the present case, the state timely sought a continuance, but the court denied the motion, implicitly finding no good cause for an extension. The state could have sought review of the court’s decision by application for supervisory writs to the court of appeal; however, it chose not to do so. The matter cannot be reviewed at this time, and we must accept the juvenile court’s conclusion that there was no good cause for the extension.[8] Accordingly, since the adjudica *749 tion hearing did not commence timely and no good cause was shown for an extension, the petition must be dismissed.[9]
However, our decision should not be interpreted to mean that judges should apply a draconian definition of “good cause” when the state seeks an extension. The judge should be mindful of those situations where defense motions or causes beyond the control of the state may impinge on its ability to prepare for the hearing.[10] Likewise, given the importance of the good cause determination, the judge should allow the state latitude to seek expedited appellate review of an adverse ruling. Finally, we ■ do not mean to foreclose the state’s right to dismiss in those instances where the time limitations of La. Ch.Code art. 877 are not affected.[11] For example, nothing in the Children’s Code seems to prevent the state from dismissing its petition prior to the appearance hearing which commences the running of the time periods under La.Ch.Code art. 877.
In sum, we find that La.Ch.Code art. 877 sets out mandatory time limits within which the adjudicatory hearing must be commenced. These limits may only be extended by the court based on a finding of good cause. Allowing the state to dismiss and refile its petition in order to create a new time period would circumvent the article’s clear mandate that the court has the sole authority to extend the time period. Accordingly, we find the court erred in denying the child’s motion to dismiss the petition refiled by the state.
DECREE
For the reasons assigned, the judgment of the juvenile court is reversed. The motion to dismiss the refiled petition as untimely pursuant to La.Ch.Code art. 877 is granted.
If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or lesser offense based on the same facts.

 Pursuant to Rule IV, Part 2, § 3, KIMBALL, J. was not on the panel which heard and decided this case.

. The court’s minute entry states, "[o]n motion of the Assistant District Attorney, the petition was dismissed, without prejudice.” However, in the transcript, the court simply refers to dismissal, and there is no discussion of whether the dismissal would be without prejudice.

. The judge who denied the child’s motion to dismiss (Judge Pro Tempore Celia R. Cangelosi) was not the same judge who had earlier denied the state’s continuance (Judge Kathleen Stewart Richey).

. 626 So.2d 1181 (La.1993).

. The hearing, originally set for June 30, 1992, was continued by the court until August 4, 1992, a date outside of the ninety day period. However, since the court, the child and the state agreed to this August 4, 1992 date, we will treat it as an extension for good cause by the court.

. Interestingly, La.Ch.Code art. 877's predecessor article, art. 67 of the Code of Juvenile Procedure, provided that ”[i]f the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and may dismiss the petition.” (emphasis added). That article was interpreted as giving the court discretion not to dismiss the petition where the hearing was not held timely. State in Interest of McManus, 559 So.2d 10 (La.App. 1st Cir. 1990). La.Ch.Code art. 877 eliminates that discretion and provides that the court "shall dismiss the petition.”

. La.Ch.Code art. 104 provides:
Where procedures are not provided for in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a delinquency proceeding and in a criminal trial of an adult.
(2) The Code of Civil Procedure in all other matters.

. Of course, in those instances where the state attempts to reset the hearing within the applicable time period, the good cause requirement for an extension is not implicated, and the decision whether to reset the hearing within the period is based on the court's sound discretion.

.Arguably, the state presented a valid reason for a continuance, since one of its key witnesses was unavailable. On the other hand, the state was on notice that the court would not grant further continuances. Additionally, the state had been given the opportunity to pick a convenient hearing date.

. A similar result obtains under La.Code Crim.P. art. 581:
Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.

. In the present case, the state argues it was entitled to a suspension of time for the approximately twenty days it took to satisfy the child’s Brady motion. The state could have raised this ground in the lower court as a possible basis for a good cause extension, but failed to do so. In any event, we note that the final hearing date (March 23, 1993) was still set well outside of the period even if the suspension had been taken into account.

.La.Ch.Code art. 876 provides:
For good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner. The court shall dismiss a petition on the motion of the district attorney.