JjEDWIN A. LOMBARD, Judge.
FACTS AND PROCEDURAL HISTORY
On September 16, 2002, J.B. and G.M. (“defendants”) were arrested and charged with La. R.S. 40:967(B)(1) (possession of a Schedule II Controlled dangerous Substance with intent to distribute). Subsequently, on September 17, 2002 the State filed a petition against the defendants. On that day the defendants appeared before the Honorable Mark Doherty, and entered not guilty pleas. Subsequently, J.B. was released to his mother under house arrest, and G.M. was remanded pending further hearing. The case was allotted to the Honorable Yvonne Hughes, and a pre-trial conference was scheduled for September *670 25, 2002. The juvenile court did not set an adjudication hearing date.
On September 25, 2002, Orleans Parish Juvenile Court was closed due to Hurricane Isidore. Consequently, Judge Hughes reset the pre-trial conference to October 30, 2002. On October 30th the defendants appeared and maintained their not guilty pleas via their Orleans Indigent Defender Program (“OIDP”) attorney, Ferdinand Valteau. At this time, Tulane Law Clinic was appointed to represent J.B. The defendants were released to their parents pending the adjudication hearing. A trial date was set for January 30, 2003. Mr. Valteau waived all delays for the setting of the date.
|2On January 27, 2003, Tulane Law Clinic filed a motion for dismissal for untimely adjudication under Louisiana Children’s Code Article 877 on behalf of J.B. Mr. Valteau joined in on Tulane’s motion on behalf of G.M. On January 30, 2003 the matter came before the Honorable Judge Robert J. Klees. Following oral arguments by the Tulane Juvenile Law Clinic and the State, the juvenile court dismissed the petition. The State filed this subsequent appeal.
LAW AND ANALYSIS
The sole issue before us is whether the juvenile court erred in granting the defendants’ motion to dismiss the petition on the grounds that the adjudication hearing was not commenced timely pursuant La. Ch.Code. art. 877.
La. Ch.Code art. 877 provides:
Aet. 877 Adjudication Hearing; Time Limitations
A.If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
In the instant case, the record indicates that the defendants both appeared and answered the petition on September 17, 2002. G.M. remained in continued custody until the October 30th pre-trial conference. According to subsection B of the La. Ch. Code article 877, the adjudication hearing should have been held within thirty days of his appearance or on October 17, 2002. An adjudication hearing was not held on that date.
| aAfter J.M.’s appearance he was released to his parents and not in continued custody. According to subsection A of the La. Ch.Code article 877 the hearing should have commenced within ninety days of September 17, 2002, the date he appeared to answer the petition. Applying the formula for computation of time set forth in La.Ch.Code art. 114, J.M.’s adjudication hearing should have commenced by December 16, 2002.
Ultimately, the adjudication hearing, in both cases, was not set until January 30, 2003. Thus, in each case the hearing did not commence timely, and dismissal of the petition is mandated under La.Ch.Code art. 877(C).
The State, however, argues that good cause was shown when the pre-trial conference was continued because of Hurricane Isidore. The State contends that the ninety day date would have been selected but not for the court extending the pre *671 trial conference date. The State also argues that since Mr. Valteau waived the delays, the January 30, 2003 date was a timely set date. This argument is without merit.
The fact that the pre-trial conference was continued because of the weather does not implicate Article 877. Article 877 provides for adjudication hearings and not pre-trial conferences. The hurricane delayed the pre-trial conference, not the mandatory adjudication hearing. We find, in this case, that “good cause” relates to the extension of time to set an adjudication hearing and not the setting of a pre-trial conference to determine the date of the adjudication hearing. See State in the Interest of J.C.F., 95-0423 (La.App. 4 Cir. 7/26/95), 659 So.2d 537.
We also find that pursuant to section B of La. Ch.Code art. 877, both the thirty and ninety-day periods established for holding the adjudication hearing is | ¿mandatory. Thus, Mr. Valteau’s waiver of delays to the setting of the hearing should not be considered a waiver of the right to a timely adjudication.
Additionally, as previously noted, La. Ch.Code art. 877 does not say that the adjudication hearing can be set outside the mandatory period, if good cause is demonstrated. Instead, it specifically states that the court may extend the deadline for the adjudication if good cause is demonstrated. There is no allegation or proof that the State or the juvenile asked the court to extend the deadline for the holding of the adjudicatory hearing. Moreover, the court failed to state the basis for finding that there was good cause for setting the adjudication hearing outside the mandatory time periods. Nor does the record suggest a basis for finding that good cause for setting an untimely adjudication hearing date existed.
In sum, we find that La. Ch.Code art. 877 sets out mandatory time limits within which the adjudicatory hearing must be commenced. Since the adjudication hearing was a date beyond the applicable period, the trial court was correct in granting the motion to dismiss.
CONCLUSION
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.