25 So.3d 962 (2009)
STATE of Louisiana in the Interest of T.N.
No. 2009-CA-0431.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 2009.
*963 Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for Appellant, State of Louisiana.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, and Judge JAMES F. McKAY, III).
CHARLES R. JONES, Judge.
The State of Louisiana appeals the February 5, 2009 judgment rendered by the Juvenile Court for the Parish of Orleans, dismissing the State's case against T.N. For the reasons set forth below, we affirm.
On October 14, 2008, the State filed a delinquency petition under case number XXXX-XXX-XX DQ-F, charging T.N. with one count of possession of a dangerous weapon while in possession of a controlled dangerous substance in violation of La. R.S. 14:95(E). T.N. answered the petition on October 16, 2008.
T.N. was detained on the charges and the State had thirty days (until November 15, 2008) to bring the matter to trial pursuant to La. Ch.C. art. 877(A). By agreement of counsel, the matter was set for trial on November 13, 2008. At that time, the juvenile court denied the State's request for continuance, and the State entered a nolle prosequi. The case was dismissed, and T.N. was released from detention.
However, the State later reinstituted the petition on the same date, under case number 2008-318-03-DQ-F. Because T.N. was no longer in custody, the State had ninety days from the original answer (until January 14, 2009) to bring the matter to trial pursuant to La. Ch.C. art. 877(B).
The matter was set for hearing on December 11, 2008. T.N. did not appear. The judgment signed that date, resetting the matter for January 22, 2009, indicates "no return of service in the record." T.N. appeared in court on January 22, 2009, entered a denial, and requested a trial date. Trial was set for February 5, 2009.
On January 23, 2009, T.N. filed a motion to dismiss for failure to timely prosecute within ninety days following the answer of the original petition. On February 5, 2009, the juvenile court heard the matter, granted the motion to dismiss, and provided written reasons for judgment.
*964 The State's timely appeal followed. T.N. has not filed an appellee brief. In its sole assignment of error, the State argues that the juvenile court abused its discretion in dismissing the petition against T.N. pursuant to La. Ch.C. art. 876 without providing good cause for the dismissal.

DISCUSSION:
T.N.'s motion to dismiss is premised on the State's failure to timely prosecute pursuant to La. Ch.C. art. 877, which provides:
A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
At trial, T.N. argued that the State failed to make the requisite showing of good cause to extend the ninety-day limit before it expired on January 14, 2009. The trial court agreed, and stated:
At the December 11, 2008 hearing, the State did not seek a finding of good cause to extend the La. Ch.C. art. 877(B) trial deadline which would expire on January 14, 2009, nor did the State move that the court make such a finding on or before January 14, 2009. In the absence of a timely request by the State for a finding of good cause to extend the trial deadline, the case must be dismissed.
In State in Interest of R.D.C., Jr., 93-1865, p. 4 (La.2/28/94), 632 So.2d 745, 748, the Supreme Court held that the time period set forth in La. Ch.C. art. 877 is mandatory and that "it is incumbent on the state to make a showing of good cause and obtain an extension before the period has run." (Emphasis in original). See also State in Interest of Franklin, 95-0423 (La. App. 4 Cir. 7/6/95), 659 So.2d 537; State v. Erven, 36,332 (La.App. 2 Cir. 10/23/02), 830 So.2d 368.
In State ex rel. J.B., 2003-0587, p. 4 (La.App. 4 Cir. 12/10/03), 863 So.2d 669, 671, this Court stated that La. Ch.C. art. 877 "does not say that the adjudication hearing can be set outside the mandatory period if good cause is demonstrated. Instead, [the Children's Code] specifically states that the court may extend the deadline for the adjudication if good cause is demonstrated." Moreover, in State ex rel. J.B., where there was no allegation or proof that the State or the defendant requested an extension of the deadline for the adjudication hearing, and no basis for finding that there was good cause for setting an untimely adjudication hearing date, this Court held that the trial court was correct in granting the defendant's motion to dismiss. Id.
In the present case, as in State ex rel. J.B., there is no evidence in the record that the State requested an extension of the article 877(B) deadline. Moreover, there was no demonstration of good cause for setting the adjudication hearing outside the mandatory time period. For that reason, we find no error on the part of the juvenile court in granting the motion to dismiss in favor of T.N.
On appeal, the State does not address the above argument concerning good cause in extending the mandatory time limitations. Rather, the State argues, for the first time on appeal, that the time limit *965 was interrupted. More specifically, the State asserts that pursuant to La. C. Cr. P. art. 579, the failure of T.N. to appear at the December 11, 2008 hearing interrupted the time limitations for the adjudication hearing. La. C. Cr. P. art. 579 provides:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because... his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists. (Emphasis added).
The juvenile court's December 11, 2008 judgment reflects that the matter was continued on December 11, 2008, because there was no return of service in the record. The State argues on appeal that in connection with the December 11, 2008 hearing, a subpoena was issued to T.N. at 1962 N. Rendon Street, New Orleans, Louisiana 70125[1], but that T.N. was not served with notice of the hearing. The State maintains that the subpoena indicates: "incorrect address" and "N. Rendon ends at 1868." Thus, the State argues that because T.N. provided a false address, his presence for the juvenile court could not be obtained by legal process, and/or bringing him to trial was beyond the control of the State. Accordingly, the State asserts that pursuant to La. C. Cr. P. art. 579(A)(2) and (B), the ninety-day time period was interrupted and began anew.
It is apparent from the record, particularly the transcript of the February 5, 2009 hearing on the motion to dismiss, that the issue of the interruption of the time limitation[2] was never raised in the juvenile court. Clearly, the State could have raised this ground in the lower court as a possible basis for a good cause extension, or an interruption of the time limitations, but failed to do so.
The State has a heavy burden of justifying the apparent untimely commencement of trial on the grounds that the time limits were either interrupted or suspended. State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286; State v. Causey, 2002-1848, p. 5 (La.App. 4 Cir. 4/9/03), 844 So.2d 1076, 1079. When a defendant brings an apparently meritorious motion to quash based on prescription, the State must demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. Id.
In the present case, the State has not carried its burden of proving an interruption of the mandatory time limits set forth in La. Ch.C. art. 877. There is no showing that the state's failure to bring T.N. to trial within the ninety-day period was because his presence could not be obtained by legal process or due to events beyond the State's control. Moreover, here it is evident from the record that the State made no showing of good cause to extend *966 the time period before the deadline had run.

DECREE
For the foregoing reasons, the juvenile court was correct in granting the motion to dismiss in favor of T.N. Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] This address was provided by T.N. at the time of his arrest and later verified on the petition filed by the State.
[2] Based on the assertion that T.N. provided a false address.