# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-953

**STATE IN THE INTEREST OF**

**K.E.C.**

************

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. J6810
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

************

## DAVID E. CHATELAIN[*]
## JUDGE

************

Court composed of Jimmie C. Peters, James T. Genovese, and David E. Chatelain,
Judges.

**REVERSED, VACATED, AND ADJUDICATION
AND DISPOSITION SET ASIDE; PETITION
FOR DELINQUENCY DISMISSED.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana 70602-1747**
**(337) 436-2900**
**Counsel for Juvenile:**
 **K.E.C.**

**Trent Brignac**
**District Attorney**
**Julhelene E. Jackson**
**Assistant District Attorney**
**Thirteenth Judicial District**
**Post Office Box 780**
**Ville Platte, Louisiana 70586**
**(337) 363-3438**
**Counsel for:**
 **State of Louisiana**

———————————

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**CHATELAIN, Judge.**

This matter involves the trial court's adjudication of a juvenile as delinquent for committing simple burglary of a religious building and theft of more than $500. Finding an error patent on the face of the pleadings and proceedings, we reverse and set aside the trial court's adjudication and dismiss the petition against the juvenile.

## FACTS AND PROCEDURAL HISTORY

On January 5, 2010, Juvenile Officer Zelda Deshotel filed a petition alleging that on or about July 19, 2009, K.E.C.,[1] who was thirteen years of age at the time, violated La.R.S. 14:62.2, simple burglary of an inhabited dwelling; La.R.S. 14:62.3, unauthorized entry of an inhabited dwelling; La.R.S. 14:67, theft of more than $500; La.R.S. 14:63, criminal trespass; and La.R.S. 14:59, criminal mischief. All of these alleged crimes either involved personal items belonging to Father Brian J. Taylor or cash money belonging to Saint Augustine Catholic Church in Basile, Louisiana (St. Augustine's). The personal items and the cash were all located in the rectory at the time the crimes occurred. Based upon these criminal allegations, Officer Deshotel petitioned the court to declare K.E.C. a delinquent child. On January 5, 2010, K.E.C., accompanied by his grandmother and counsel, entered a denial to the allegations detailed in the petition. At that time, the trial court accepted K.E.C.'s denial of the allegations, continued his release on bond, and set his trial for April 27, 2010.

The matter went to trial on April 27, 2010, to determine whether K.E.C. should be declared a delinquent child in accordance with La.Ch.Code arts. 801-922. At the beginning of the proceeding, the State, over the objection of defense counsel, amended its petition to delete the charge of simple burglary of an inhabited dwelling

---

[1]Pursuant to La.Ch.Code art. 412, we are using initials to maintain the confidentiality of the juvenile's records.

1

and add the charge of simple burglary of a religious building, a violation of La.R.S. 14:62.6. After hearing the testimony of seven individuals, four of whom testified on behalf of K.E.C., the trial court adjudicated K.E.C. as delinquent as to both simple burglary of a religious building and theft over $500.

On June 15, 2010, K.E.C., accompanied by defense counsel, appeared at his disposition hearing. The trial court placed K.E.C. on two years supervised probation with conditions of probation that he perform one hundred forty hours of community service, with all but sixty hours suspended, that he attend anti-theft classes, that he submit to random drug tests, that he pass his school classes, that he stay out of trouble at school, that he pay one-half of the restitution of $1,950, and that he observe a six o'clock p.m. to six o'clock a.m. curfew, unless he was participating in an organized sporting event or church activity. The trial court ruled that if, at the conclusion of one year of probation, K.E.C. had completed all of the conditions of probation, K.E.C.'s disposition would be amended to unsupervised probation. At the end of the disposition hearing, the trial court indicated that the adjudication, probationary period, and special conditions applied to both the charge of simple burglary of a religious building and the charge of theft over $500.

On June 29, 2010, counsel for K.E.C. filed a motion for appeal, asserting three assignments of error. However, because we find an error patent that is dispositive of this matter, we pretermit discussion of K.E.C.'s assignments of error.[2]

---

[2]Although one of K.E.C.'s assignments of error relied upon an assertion of ineffective assistance of counsel and was premised upon the untimely commencement of the adjudication hearing, we reach that issue on an error patent review without having to examine whether trial counsel was ineffective.

**DISCUSSION**

*ERRORS PATENT REVIEW*

Although the Louisiana Children's Code is silent as to whether a juvenile proceeding is entitled to an error patent review, this court has found that La.Ch.Code art. 104 and La.Code Crim.P. art. 920 mandate such a review. *See State in Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. A patent error is "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.P. art. 920(2). Our review of the record shows one error patent that requires us, for reasons expressed below, to vacate and set aside the adjudication and disposition because the State failed to timely commence the adjudication hearing.

Louisiana Children's Code Article 877 states:

> A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.

> B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.

> C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.

> D. For good cause, the court may extend such period.

Utilizing well-accepted jurisprudence on the nature of an error patent, it is evident that the failure to timely commence an adjudication hearing in a juvenile matter is readily apparent on the face of the record and, as such, constitutes an error patent. *Accord State ex rel. M.N.H.,* 01-1218 (La.App. 3 Cir. 2/6/02), 807 So.2d 1149, *writ*

3

*denied*, 02-1041 (La. 5/24/02), 816 So.2d 857 (holding that the failure to timely conduct a disposition hearing is an error patent).

Commenting upon Article 877 of the Louisiana Children's Code, Justice Marcus, writing for the majority, stated:

> [T]he Children's Code builds in a mechanism in La.Ch.Code art. 877(D) for the state to obtain an extension of the time limits to commence the adjudication hearing by making a showing of good cause. Under this article, there is no need for the state to dismiss and then justify its refiling *after* the period has run; rather, **it is incumbent on the state to make a showing of good cause and obtain an extension *before* the period has run**. In the event that a good cause extension is not granted and the period runs out, the state may not refile its petition. Otherwise, the good cause requirement of La.Ch.Code art. 877(D) would be rendered meaningless, since the state could always circumvent an adverse decision by simply dismissing and refiling the petition.

*State in Interest of R.D.C., Jr.*, 93-1865[3] (La. 2/28/94), 632 So.2d 745, 748 (bold emphasis added) (footnote omitted).

As provided in La.Ch.Code art. 107, "[t]he word 'shall' is mandatory, and the word 'may' is permissive." *See e.g., State ex rel. L.A.,* 09-1029, 09-1030 (La.App. 4 Cir. 12/9/09), 28 So.3d 515. Accordingly, from our review of the pleadings and the proceedings in the record before us, K.E.C.'s adjudication hearing was required under La.Ch.Code art. 877 to have commenced within ninety days of January 5, 2010, because K.E.C. was not continued in custody.[4] It was actually set for and took place on April 27, 2010, one hundred eleven days after he appeared to answer the petition, twenty-one days in excess of the ninety-day limitation. Moreover, the record further

---

[3]Because the published opinion fails to give the public domain page breaks, we are unable to provide a domain page.

[4]Implicit in the trial court's statement at the conclusion of the adjudication hearing that it would allow K.E.C. to go home on his previous bond is that K.E.C. was not continued in custody. We have found nothing in either the record or the briefs to dispute that implication.

shows that at no time prior to the expiration of the period in which the State was required to commence the adjudication hearing did it seek to extend the period.[5]

Having found that the State failed to seek an extension on the grounds of good cause[6] *before* the period for commencing adjudication ran, we find it readily apparent on the face of the record that the adjudication hearing was not timely commenced as mandated in La.Ch.Code art. 877. Therefore, under the holding of *State in Interest of R.D.C., Jr.*, 632 So.2d at 749, particularly its determination that "La.Ch.Code art. 877 sets out mandatory time limits within which the adjudicatory hearing must be commenced," we are compelled to reverse, vacate, and set aside the trial court's adjudication of K.E.C. as delinquent, together with its dispositional ruling, and dismiss the petition against K.E.C.

## DECREE

For the foregoing reasons, we reverse, vacate, and set aside the trial court's adjudication of K.E.C. as delinquent, as well as its disposition, and dismiss the petition against K.E.C.

---

[5]Likewise, K.E.C.'s disposition hearing was held forty-eight days after his adjudication hearing, eighteen days in excess of the thirty-day limitation. Because we find the adjudication hearing was untimely, we do not reach the possible ramifications flowing from the untimely disposition hearing and the legal implications attendant thereto for the simple reason that without an adjudication there can be no basis for the continued viability of a disposition.

[6]In *State in Interest of R.D.C., Jr.*, 632 So.2d 745, the supreme court cautioned against an unusually harsh definition of good cause. There it stated:

> However, our decision should not be interpreted to mean that judges should apply a draconian definition of "good cause" when the state seeks an extension. The judge should be mindful of those situations where defense motions or causes beyond the control of the state may impinge on its ability to prepare for the hearing. Likewise, given the importance of the good cause determination, the judge should allow the state latitude to seek expedited appellate review of an adverse ruling.

*Id.* at 749 (footnote omitted). In the present case, we are simply not faced with any timely assertion of good cause.

**REVERSED, VACATED, AND ADJUDICATION AND DISPOSITION SET ASIDE; PETITION FOR DELINQUENCY DISMISSED.**