FREDERICKA HOMBERG WICKER, Judge.
| ¡Juvenile-appellant appeals his adjudication of delinquency for armed robbery. Because we find that his counsel failed to render effective assistance of counsel in representing juvenile-appellant in this matter, we vacate the adjudication and dismiss the petition against him pursuant to La. Chi C. art. 877(C).

FACTS AND PROCEDURAL HISTORY

On May 12, 2011, the Jefferson Parish district attorney filed a delinquency petition in juvenile court charging appellant, D.L.[1], with armed robbery in violation of La. R.S. 14:64. On May 20, 2011, D.L. denied the allegations against him at his appearance to answer the petition. On June 22, 2011, the trial court adjudicated D.L. delinquent as charged of armed robbery. On July 21, 2011, the trial court entered a judgment of disposition that D.L. be placed in the Office of Juvenile Justice for one year. The court also addressed at that time the state’s Rule |ato Revoke Probation on D.L.’s prior charge of simple robbery; the court ruled that D.L. be placed with the Office of Juvenile Justice for one year on the probation revocation, to be served consecutively to the one year disposition imposed for the instant armed robbery adjudication. On July 29, 2011, the trial court granted D.L.’s motion for appeal.
*582 In his appeal to this Court, D.L. raises three assignments of error: (1) the trial court erred in conducting an adjudication hearing after the lapse of the thirty day mandatory period set forth in La. Ch. C.art. 877(A); (2) D.L.’s trial counsel failed to render effective assistance by failing to seek dismissal of the petition against him pursuant to La. Ch.C.art. 877(C); and (3) the record contains two errors patent concerning the failure of the state to verify its “Rule to Revoke Probation” and the trial court’s failure to obtain a valid waiver of D.L.’s right to contradictory hearing prior to disposition as required by La. Ch. C. art. 913(A) and (B). Because our decision on assignment of error number two is dispositive of the other errors raised on appeal, we first address D.L.’s assignment of error in which he alleges that his counsel failed to render constitutionally required assistance in representing him in this case.
Juvenile defendants as well as adults are entitled to effective assistance of counsel. State in Interest of D. McK., 589 So.2d 1139, 1142 (La.App. 5 Cir.1991). An ineffective assistance of counsel claim is typically addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Davis, 09-1109 (La.App. 5 Cir. 9/14/10), 45 So.3d 203, 210, reh’g denied (10/12/2010), writ denied, 2010-2585 (La.4/1/11), 60 So.3d 1249; State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of 14error on appeal, the appellate court may address the claim in the interest of judicial economy. Davis, 09-1109 (La.App. 5 Cir. 9/14/10), 45 So.3d at 210. In this case, we find that the record on appeal contains sufficient evidence and, thus, we address the merits of D.L.’s claim of ineffective assistance of counsel.
Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. A claim of ineffective assistance of counsel must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Suggs, 11-64 (La.App. 5 Cir. 12/13/11), 81 So.3d 815, 825-26. Under the Strickland test, the defendant must show: (1) that counsel’s performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. Id. To successfully prove a claim of ineffective assistance of counsel, one must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. There is no precise definition of effective assistance of counsel, so any inquiry into the effectiveness of counsel must be specific to the facts of each case. State v. Howard, 09-928, p. 11 (La.App. 5 Cir. 5/25/10), 37 So.3d 1099, 1106.
The challenged conduct of counsel in this case is his failure to file a Motion to Dismiss the Petition against D.L. pursuant to La. Ch. C. art. 877(C). La. Ch. C. art. 877 provides:
A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall com- *583 menee within ninety days of the appearance to answer the petition.
|BC. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition. D. For good cause, the court may extend such period.
In this case, the record reflects that D.L. was in continued custody awaiting adjudication. As such, the adjudication hearing should have commenced within thirty (30) days of May 20, 2011, the date D.L. appeared to answer the petition. The adjudication hearing commenced on June 22, 2011, beyond the thirty day period set forth in La. Ch. C. art. 877(A).
La. Ch. C. art. 877(C) provides the consequence for failure to ensure that the adjudication hearing is commenced timely. That Section provides that “[i]f the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.” The Louisiana Supreme Court has interpreted La. Ch. C. art. 877(C) and instructed that the consequence of failing to timely commence an adjudication hearing, without any showing of good cause prior thereto, is mandatory dismissal of the petition.[2] In light of this advantageous consequence to the defense provided in the statute, jurisprudence reveals that the reasonable or standard professional conduct of counsel under facts similar to those presented in this case, where the adjudication hearing was not timely commenced, is the filing of a Motion to Dismiss pursuant to La. Ch. C. art. 877(C).[3] In the instant case, we find that D.L.’s counsel’s failure to file a Motion to Dismiss pursuant to La. Ch. C. art. 877(C) was unreasonable and, therefore, deficient.
| (jUnder the two-prong test set forth in Strickland, D.L. still must show that his counsel’s deficient performance caused him prejudice. D.L. must demonstrate that, but for counsel’s deficient performance or unprofessional errors, the result of the proceeding would have been different. Suggs, 11-64, 81 So.3d at 825-26. As discussed above, the requirement that, if a juvenile is in continued custody, an adjudication hearing must commence within 30 days of the juvenile’s appearance to his/her answer is mandatory. State in the Interest of R.D.C., Jr., 93-1865 (La.2/28/94), 632 So.2d 745. Further, the consequence that the trial court “shall” dismiss the petition if an adjudication hearing is not timely commenced is mandatory.[4] Id. As such, it follows that, had D.L.’s counsel filed a Motion to Dismiss the Petition against D.L. pursuant to La. Ch. C. art. 877(C), the petition against D.L. would have been dismissed and D.L. would not have been adjudicated for armed robbery. Even further, the adjudication for the armed robbery charge at issue subsequently resulted in the revocation of D.L.’s probation and an additional one year imposed disposition. Therefore, it is apparent that D.L. was in fact prejudiced by counsel’s deficient performance in fail *584 ing to file the appropriate Motion to Dismiss. Accordingly, we find that D.L. has successfully proved his claim of ineffective assistance of counsel.
As previously stated, the mandatory remedy for failure to timely commence an adjudication hearing within the time delays provided in La. Ch. C. art. 877(A) is release of the juvenile and dismissal of the petition against him as set forth in La. Ch. C. art. 877(C). Had D.L. received effective assistance of counsel in this case, he would never have been adjudicated for the armed robbery charge at issue; further, the subsequent revocation of his probation by reason of his adjudication on the instant armed robbery charge would never have occurred.
17Accordingly, for the reasons discussed above, we vacate the adjudication against D.L. and reinstate his previous probation conditions. Further, finding that the remedy provided in La. Ch. C. art. 877(C) is mandatory, we hereby dismiss the petition against D.L. and remand this matter to the juvenile court for further proceedings consistent with this opinion.
ADJUDICATION VACATED; PROBATION REINSTATED; PETITION DISMISSED; MATTER REMANDED TO JUVENILE COURT
JOHNSON, J., dissents in part.

. In order to maintain the confidentiality of the proceedings, as discussed in La. Ch.C.art. 412, initials are used to identify the juveniles involved.

.The Court, in State in the Interest of R.D.C., Jr., 93-1865 (La.2/28/94), 632 So.2d 745, 747, noted that La. Ch. C. art. 877’s predecessor article, article 67 of the Code of Juvenile Procedure, extended discretion to the trial judge and provided that "[i]f the hearing has not been commenced timely, upon motion of the child, the court shall release a child in continued custody and may dismiss the petition.” (emphasis added)

. See State in the Interest of R.D.C., Jr., 93-1865 (La.2/28/94), 632 So.2d 745; State ex rel. J.B., 03-0587 (La.App. 4 Cir. 12/10/03), 863 So.2d 669.

. La. Ch. C. art. 107 provides that ”[t]he word 'shall' is mandatory, and the word 'may' is permissive.”