THIBODEAUX, Chief Judge,
dissenting.
|, Upon the filing of the juvenile delinquency petition against L.D. on September 5, 2013, an answer hearing should have been held within five days pursuant to La.Ch.Code art. 854(a), after allowing for legal delays. The majority has correctly observed that good cause for an extension was not shown. L.D.’s counsel properly objected to the untimely answer hearing when it was held on October 2, 2013. On October 14, 2013, L.D.’s request to be released and the petition dismissed because of the untimely answer hearing was denied by the trial court, presumably because of *687 the trial court’s erroneous finding of good cause on October 2, 2013.
The adjudication was held on October 23, 2013, within thirty days of the answer hearing, but past the time when the answer hearing was mandatorily required on September 12, 2013. What is the appropriate remedy?
The majority concludes that there is no remedy since L.D.’s adjudication rendered moot the illegality of the untimely answer hearing. Since the Louisiana Children’s Code does not provide a remedy, the majority analogizes to a violation of La.Code Crim.P. art. 701 and concludes that dismissal of the petition would thwart legislative intent. I disagree.
Reliance on the Louisiana Code of Criminal Procedure is, in my view, misplaced. Louisiana Children’s Code Article 104 refers one to the Code of 12Criminal Procedure “[wjhere procedures are not provided in this Code.... ” That Article does not refer to remedies, but only procedures. The Louisiana Children’s Code does provide for procedures, e.g., mandatory answer within five days after the filing of the petition if a juvenile is continued in custody, as here. See La.Ch.Code art. 854(A).
When fashioning a remedy, one must be cognizant that La.Ch.Code art. 102 provides that “[t]hese Code provisions shall be construed to promote ... the elimination of unjustifiable delay.” By refusing to order the dismissal of the juvenile delinquency petition, we are allowing the State to extend the adjudication hearing by simply not adhering to the mandatory time standards of the Louisiana Children’s Code. That is a subversion of the purpose of Title VIII of the Code entitled “Delinquency.” “The purpose of this Title is to accord due process to each child who is accused of having committed a delinquent act....” La.Ch.Code art. 801. While the Louisiana Children’s Code mandates a due process procedure, the State or a trial court may simply ignore it as long as the hearing is held within thirty days of the illegal answer hearing. This is especially egregious where there is an erroneous finding of good cause and an erroneous refusal to release an incarcerated juvenile, as here. It is an abrogation of the law’s underlying spirit, particularly since the remedy for a failure to hold a timely adjudication hearing is dismissal of the petition. See State ex rel v. K.E.C., 10-953 (La.App. 3 Cir. 12/8/10), 54 So.3d 735. The remedy should be the same where an answer hearing is improperly and untimely held and which results in a failure of due process and vitiation of the goal of “unjustifiable delay.”
For the foregoing reasons, I respectfully dissent. I would order the dismissal of the juvenile delinquency petition.