BONIN, J.,
concurs in part and dissents in part with reasons.
|TI concur in the affirmation of the adjudication but dissent from the majority’s disposition of the ineffective assistance of counsel claim. That claim, in my view, should be reserved to the youth for post-adjudication proceedings.[1] See State in the Interest of J.D., 13-0964, p. 5 (La.App. 4 Cir. 11/27/13), 129 So.3d 831, 834.
*1105 D.V. claims that his counsel failed to timely object to the postponement of his appearance to answer the petition. The date the child appears to answer the petition is the critical date to determine whether transfer or adjudication hearings are timely. See La. Ch.C. arts. 859 A, 877. Because D.V. was charged with a misdemeanor offense, he was entitled to the commencement of his adjudication hearing within 90 days of his answering the petition, in the absence of good cause. See La. R.S. 14:95.8 B(l); La. Ch.C. art. 877 B.
But D.V.’s adjudication hearing did not commence until August 15, 2013 because his counsel either did not object to good cause findings postponing the appearance date or the adjudication hearing dates or affirmatively asked for continuances, thus waiving the expedited deadlines provided in the Children’s |2Code. See State in the Interest of D.J., 13-1111, p. 2 (La.1/10/14), 131 So.3d 35, 36 (per curiam) (holding that an agreement of the child with the district attorney to continue an adjudication hearing beyond the ninety-day limitations period “will [be treated] as an extension for good cause by the court”). And such action on the part of counsel forfeits the mandatory remedy for a failure to timely commence the adjudication hearing which is dismissal of the petition and the release of the child continued in custody. La. Ch.C. art. 877 C; State in the Interest of R.D.C., 93-1865 (La.2/28/94), 632 So.2d 745, 748-749 (“Accordingly, since the adjudication hearing did not commence timely and no good cause was shown for an extension, the petition must be dismissed.”); see also State in the Interest of D.L., 11-835 (La.App. 5 Cir. 5/22/12), 96 So.3d 580 (prejudicial prong of a Strickland, analysis may be satisfied as a result of the loss of mandatory dismissal).
I would defer the ineffective assistance of counsel claim so that a full evidentiary hearing could be conducted to explore the issue. See State v. Watson, 00-1580, p. 4 (La.5/14/01), 817 So.2d 81, 84.

. See La. Ch.C. art. 803 (“Where procedures are not provided in this Title, or otherwise by this Code, the court shall proceed in accordance with the Code of Criminal Procedure.”). See also La.C.Cr.P. arts. 924-930.9 (Post Conviction Relief).