STATE OF LOUISIANA IN      *      NO. 2020-CA-0083
THE INTEREST OF M.P.

     *

     COURT OF APPEAL

     *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *


APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2018-352-13-DQ-B/E, SECTION "E"
HONORABLE Desiree Cook-Calvin, JUDGE
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Roland L. Belsome, Judge Tiffany G. Chase)

**BELSOME, J., CONCURS IN THE RESULT**

Tenee Felix
LOUISIANA CENTER FOR CHILDREN'S RIGHTS
1100-B Milton Street
New Orleans, LA 70122

        COUNSEL FOR APPELLANT

Leon Cannizzaro, District Attorney
Donna Andrieu, Chief of Appeals
Scott G. Vincent, Assistant District Attorney
DISTRICT ATTORNEY'S OFFICE ORLEANS PARISH
619 South White Street
New Orleans, LA 70119

        COUNSEL FOR APPELLEE

        **REVERSED, VACATED, ADJUDICATION SET ASIDE, AND PETITION DISMISSED**
        **MAY 13, 2020**

*TGC*
*JFM*

M.P. seeks review of the juvenile court's ruling extending M.P.'s adjudication hearing beyond the time limitations in La. Ch.C. art. 877.[1] After consideration of the record before this Court and the applicable law, we reverse, vacate, set aside M.P.'s adjudication as delinquent and dismiss the petition.

**Procedural History**

On December 17, 2018, the State filed a petition alleging M.P. committed aggravated battery, a violation of La. R.S. 14:34.[2] On January 24, 2019, M.P. answered the petition and entered a plea of not guilty. M.P. was not detained on the charge of aggravated battery. The adjudication hearing was scheduled for April 4, 2019; however, the matter was re-allotted to a new section of court because the original judge recused herself. A pre-trial conference was scheduled for April 17, 2019 in the new section of court but was continued to April 24, 2019 due to the unavailability of a court reporter.

The pre-trial conference, scheduled for April 24, 2019, was continued a second time due to the unavailability of a court reporter. M.P.'s adjudication

---

[1] In order to maintain the confidentiality of the proceedings, as discussed in La. Ch.C. art. 412, initials are used to identify juveniles involved.

[2] The underlying facts of the matter are not relevant to this appeal.

1

hearing was set a third time for September 11, 2019. M.P. filed a notice of objection, opposing the juvenile court's scheduling of the adjudication hearing on September 11, 2019. M.P. argued that the September 11, 2019 adjudication hearing date was beyond the time limitations set forth in La. Ch.C. art. 877.

On September 11, 2019, the juvenile court was closed because of issues with the air conditioning system in the building. The matter was then set for a pre-trial conference on October 2, 2019. M.P. was not served and the pre-trial conference was continued. The October 2, 2019 minute entry notes that M.P. waived the time limitations in La. Ch.C. art. 877 but, also notes that M.P. objected to the hearing date chosen by the court. The juvenile court then set the adjudication hearing for November 20, 2019 and adjudicated M.P. delinquent of aggravated battery pursuant to La. R.S. 14:34. This appeal followed.

### Procedural Issue

As a threshold matter, we must first determine whether the issue of the timeliness of the adjudication hearing is properly before this Court. Louisiana jurisprudence requires that a juvenile defendant affirmatively object to an adjudication hearing being held beyond the mandatory time limitations of La. Ch.C. art. 877. *State in the Interest of D.V.*, 2013-1283, p. 8 (La.App. 4 Cir. 5/7/14), 144 So.3d 1097, 1103 (citing *State ex rel Q.U.O.*, 39,303, pp. 4-5 (La.App. 2 Cir. 10/27/04), 886 So.2d 1188, 1191). A juvenile defendant is not allowed to raise that issue for the first time on appeal. *Id.*

The timeliness of an objection to an adjudication hearing, in order to preserve the issue on appeal, recently appeared before this Court. In *State in the Interest of C.B.*, 2020-0075, 2020 WL 1879596 (La.App. 4 Cir. 4/15/20), the juvenile defendant argued that the juvenile court abused its discretion in continuing

2

the adjudication hearing, outside of the time limitations in La. Ch.C. art. 877, due to the unavailability of a court reporter. C.B. answered the petition on August 14, 2018. *Id.* The adjudication hearing was set for November 28, 2018, a date already beyond of the time limitations in La. Ch.C. art. 877. C.B. did not object to the November 28, 2018 adjudication hearing date. *Id.* The adjudication hearing was ultimately continued to May 8, 2019; then to July 24, 2019; and finally to October 16, 2019. C.B. filed a notice of objection to the July 24, 2019 and October 16, 2019 adjudication hearing dates being set outside of the time limitations in La. Ch.C. art. 877. C.B. did not file a motion to dismiss the petition for failure to timely prosecute and the issue was not challenged by seeking supervisory review. *Id.* Thus, the Court found that the juvenile defendant's challenge to the timeliness, on appeal, of the prosecution was untimely. *Id.* However, we find *C.B.* distinguishable from the case *sub judice*.

In *C.B.*, the juvenile defendant did not object to the first setting of the adjudication hearing, which was beyond the time limitations in La. Ch.C. art. 877. In the case *sub judice*, M.P. filed a notice of objection after the new section in juvenile court set the adjudication hearing for September 11, 2019. The filing of the notice of objection raised the issue of M.P.'s opposition to the scheduling of the adjudication hearing beyond the La. Ch.C. art. 877 time limitations. Additionally, although the October 2, 2019 minute entry states that M.P. waived the time limitations of La. Ch.C. art. 877, the same minute entry inconsistently states that M.P. objected to the November 20, 2019 adjudication hearing date. Thus, the record reflects that M.P. objected to the scheduling of the adjudication hearing beyond the time limitations in La. Ch.C. art. 877. Likewise, M.P. objected

to the November 20, 2019 adjudication hearing date as noted in the minute entry. As such, the issue was preserved and can be considered on appeal.

### Timeliness of Adjudication Hearing

M.P. argues that the juvenile court erred in holding the adjudication hearing beyond the time limitations allowed. Pursuant to La. Ch.C. art. 877(B), a child not in continued custody must be adjudicated within ninety (90) days of the appearance to answer the petition. The time limits to conduct the adjudication hearing, as set forth in La. Ch.C. art. 877, are mandatory. *State in the Interest of R.D.C., Jr.*, 1993-1865, 632 So.2d 745, 749 (La. 1994). However, the time limits may be extended if the juvenile court determines that good cause exists for an extension. La. Ch.C. art. 877(D). "[I]t is incumbent on the [S]tate to make a showing of good cause and obtain an extension *before* the period has run." *Id*. at 748 (emphasis added). Additionally, the juvenile court may extend the time limitations on its own motion if good cause is found. *State in Interest of Franklin*, 1994-0423, p. 3 (La.App. 4 Cir. 7/26/95), 659 So.2d 537, 538. Although, La. Ch.C. art. 877 allows for the adjudication hearing time limitations to be extended if good cause is found, the statute does not allow the juvenile court to set the adjudication hearing beyond the time limitations set forth in La. Ch.C. art. 877. *State ex rel J.B.*, 2003-0587, p. 4 (La.App. 4 Cir. 12/10/03), 863 So.2d 669, 671.

M.P. answered the petition on January 24, 2019; thus, he was required to be adjudicated no later than April 24, 2019.[3] The original adjudication hearing date was April 4, 2019. The matter was re-allotted and a new adjudication date was not initially provided. The April 17, 2019 court date was a pre-trial conference and the good cause found on that date related to the continuance of the pre-trial

---

[3] Applying the formula for computation as set forth in La. Ch.C. art. 114.

4

conference, not the extension of the time limitations for conducting the adjudication hearing. Likewise, the April 24, 2019 court date was also a pre-trial conference. As this Court in *State ex rel. J.B.* found, "'good cause' relates to the extension of time to set an adjudication hearing, and not the setting of a pre-trial conference to determine the date of the adjudication hearing." *State ex rel. J.B.*, 2003-0587, p. 3, 863 So.2d at 671. In the case *sub judice*, the determination of a good cause extension, prior to the first adjudication hearing date of September 11, 2019, relates to pre-trial conference dates. Allowing the extension of the time limitations of La. Ch.C. art. 877 applies to adjudication hearings, not pre-trial conferences. *Id*.

Although the juvenile court did not proceed with the pre-trial conference on April 24, 2019 and set the adjudication hearing for September 11, 2019, that date was beyond the time limitations of La. Ch.C. art. 877. Additionally, the record does not reflect that the State requested the juvenile court extend the time limitations for holding the adjudication hearing beyond the mandatory time limits of La. Ch.C. art. 877. Even if good cause existed to continue the September 11, 2019 adjudication hearing, the next court date provided by the juvenile court, October 2, 2019, was for a pre-trial conference not an adjudication hearing.

The record does not demonstrate that good cause was found to hold the adjudication hearing outside of the mandatory time limitations. The basis found for continuing the matter was related to pre-trial conferences, not the adjudication hearing. The juvenile court did not provide a basis for extending the adjudication hearing beyond the time limitations of La. Ch.C. art. 877. Thus, M.P.'s adjudication hearing was untimely and it was error for the juvenile court to conduct the adjudication hearing on November 20, 2019.

"[T]he remedy for an untimely adjudication hearing is dismissal of the petition… ." *State in the Interest of R.W.*, 2016-1187, p. 8 (La.App. 4 Cir. 3/2/17), 213 So.3d 13, 18. Finding that the adjudication hearing was untimely, this Court finds it appropriate to reverse, vacate, set aside M.P.'s adjudication as delinquent and dismiss the petition against M.P. *See In the Interest of K.E.C.*, 2010-0953 (La.App. 3 Cir. 12/8/10), 54 So.3d 735); *See also State in the Interest of R.D.C., Jr.*, 1993-1865, 632 So.2d at 749.

## Decree

For the foregoing reasons we reverse, vacate, set aside the juvenile court's adjudication of M.P. as delinquent and dismiss the petition.

**REVERSED, VACATED, ADJUDICATION SET ASIDE, AND PETITION DISMISSED**