hWALTZER, Judge.

STATEMENT OF THE CASE

The relator, State of Louisiana, complains that the trial court released respondent, Ray Henritzy, pursuant to a motion made under La.C.Cr.P. art. 701. In response, Henritzy has asserted that the permissible delays for a timely prosecution for a charged accused have run because the State has been unable to produce the alleged victim.

THE RECORD

The State filed a bill of information on 7 August 1995, charging that on 4 June 1995 Henritzy committed the crime of carjacking, a violation of La.R.S. 14:64.2. On 14 August 1995, counsel was appointed to represent Henritzy for purposes of arraignment only. On 28 August 1995, the court appointed trial counsel and granted the defense ten days within which to file pretrial motions. The hearing on these motions was to be held on 25 September 1995. Concomitant with appointment of trial counsel, the defense filed pretrial motions for discovery, preliminary hearing, suppression of evidence and identification and a motion for a speedy trial. This latter motion was neither | gsigned nor accompanied by an affidavit[1] as required by La. C.Cr.P. art. 701(D)(1).[2]
On 25 September 1995, the State requested and was granted a continuance of the hearing on the pretrial motions. The motions were now to be heard on 19 October 1995; the trial was reset for 6 December 1995. On 19 October 1995 hearings on the pretrial motions was begun, complete with the introduction of various State and defense exhibits. Apparently, the motions were not ruled upon or concluded and the court continued the matter at the request of both the defense and the State until 31 October 1995. On that date, the motions were continued by the court because of a conflict with a trial then in progress.
Although the court on 25 September 1995 had set the trial for 6 December 1995, the minute entry shows that this matter was set for trial in error, and the notation shows that the motion hearing that had been recessed on 19 October 1995 was to be continued to 8 December 1995. At this point, there was no longer a trial date set in this case at all.
The 8 December 1995 motion hearing date was reset to 19 January 1996, because the trial judge was out of town. A status hearing was held in this case on 3 January 1996 at which time the minute entry shows that motions were to be heard on 19 January 1996. Still, no new trial date was set. On 19 January 1996 the defense announced its readiness for trial and filed a hand-written affidavit duly signed by the defense counsel, *485 the defendant and two witnesses, ^accompanied by a “Motion to Quash and Motion for Speedy Trial.” The State asked for a continuance because of the unavailability of the victim. Additionally, the defense waived all motions and the court set the matter for trial on 29 February 1996.
The court ordered the defendant released pursuant to La.C.Cr.P. art. 701, and the State applied for an emergency writ of cer-tiorari and a stay of the trial court’s order releasing Henritzy. We granted the stay order pending further action of this Court, and ordered a response from the defense.

DISCUSSION

La.C.Cr.P. art. 701 requires that a defendant charged with a felony who is in custody shall be tried within 120 days. Failure to commence trial within this time period shall result in the release of the defendant without bail, if, after contradictory hearing with the district attorney, just cause[3] for the delay is not shown. La.C.Cr.P. art. 701(D)(2).
Preliminarily, we note that there is no showing on this record that a contradictory hearing was held. The record shows, however, that the State requested one continuance of the motions on 25 September 1995 and thereafter hearings were commenced on 19 October 1995, thus interrupting all requisite time delays for commencement of trial. The record reflects that no further continuances were requested but rather that continuances were entered by the court under circumstances which were out of the control of the State.
14While the State cannot legally impinge on the defendant’s right to a speedy trial by continuing previously commenced pretrial motions indefinitely, neither may the defense, after obtaining a release of the defendant from custody, withdraw all unfinished motions with the hope of vitiating retroactively all interruptions of time limitations which were in effect due to these very motions, especially so, where no trial date had been set and where previously the defense did not object to the resetting of the motions.
The State was entitled to a hearing on the speedy trial motion at which it could offer reasons for the continuance sought.
The trial court erred. The writ is GRANTED. The defendant is to remain in custody. Trial is now set for 29 February 1996.

. "A motion for a speedy trial filed by the defendant, but not verified by the affidavit of his counsel, shall be set for contradictory hearing within thirty days.” La.C.Cr.P. art. 701(F). There is nothing in the record to show that such a hearing was set or held.

. "A motion by the defendant for a speedy trial, in order to be valid, must be accompanied by an affidavit by defendant’s counsel certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in this Article....” La.C.Cr.P. art. 701(D)(1).

. "Just cause" as used in this Article shall include any grounds beyond the control of the State or the Court. La.C.Cr.P. art. 701(E).