|,PER CURIAM.
This per curiam addresses whether the defendant should be relieved of his bail obligation because of a violation of his right to a speedy trial. For the following reasons, we grant the State’s writ, finding no violation of Darren Green’s right to speedy trial.
On January 11, 2001, a grand jury indicted Darren Green (“Green”) for the second degree murder of Pamela Green, his wife. Thereafter, Green was placed in custody pending trial. On March 19, 2001, Green was transferred from parish custody to a state correctional facility to serve a sentence for felony theft. Green remained in the state facility until his release date of July 11, 2001, when he was returned to parish custody.
Before and after the transfer to serve time for the theft conviction, Green’s murder prosecution was marked by a steady stream of pretrial motions and hearings. [2On Feb. 13, 2001, Green was arraigned and a trial was set for May 14, 2001. On March 16, 2001, Green’s Indigent Defender Board (“IDB”) counsel moved for a speedy trial and filed a supporting affidavit alleging that she and Green were prepared for trial. However, on April 10, 2001, Green’s IDB counsel and the State jointly moved for, and were granted, an extension for hearing pretrial motions with a new hearing set past the trial date, to be held June 12, 2001. In the interim, the trial court denied Green’s motion to set bail on May 8, 2001.
At the June 12 hearing, the court on its own motion ordered a continuance until October 10, 2001. Unlike all prior minute entries, the entry for the June 12 hearing shows no appearance by Green’s IDB counsel. Instead, the next action on Green’s behalf was made by retained counsel who moved to enroll as counsel and relieve the IDB counsel on August 23, 2001.
On October 4, 2001, retained counsel then moved for a continuance for the pretrial motion hearing which had been scheduled for October 10. After a hearing in which the State objected to a continuance, the trial court granted retained' counsel’s motion, setting a new pretrial motion hearing for November 7, 2001.
At the November 7 hearing, both sides raised several motions. Retained counsel orally raised a second request 'to set bad, which the court again denied.
Thereafter, at a hearing on December 7, 2001, retained counsel moved to relieve Green from any bail obligation, apparently arguing that Green had been denied his right to a speedy trial. The minute entry for that hearing indicates that the court heard argument after which it denied the motion. Green then sought a writ.
The Court of Appeal granted Green’s writ, indicating that the State has the primary responsibility for setting cases for trial, and then concluded: “The first ^occasion when the case was scheduled for a date outside [sic][1] the 120-day time peri *320 od was on June 12, 2001, when the court on its own motion continued the motions scheduled for that day to October 10, 2001. The minutes for June 12, 2001, do not indicate that the attorneys were present, and there is no indication relator’s attorney acquiesced in extending the time period.” (Citations omitted). It then remanded to the trial court to relieve Green of his bail obligation, but suspended the order to allow the State to seek a writ.
Before this court, the State argued that any acquiescence to a delay by defense counsel, particularly the continuance granted at the joint motion of the parties on April 10, 2001, results in the time of that delay not counting against the elapse of the 120 day period set forth in La. C. Cr. P. art. 701(D)(2) as the period within which a felony defendant must be brought to trial,[2] else absolved from the bail obligation and released.[3] Urging that the speedy trial rule at its core requires that the defendant be prepared for trial, the State argues that Green’s IDB counsel undermined the assertion in her art. 701 affidavit that she was prepared for trial by subsequently filing numerous pretrial motions.
|4The State further explains that the trial court’s sua sponte continuance of June
12 was the result of Green being in the process of firing his IDB counsel and hiring retained counsel, demonstrating that Green was unprepared. Finally, the State points out that Green’s current retained counsel has failed to file his own art. 701 affidavit as lack of preparation for trial. Referring to the plain language of the statute,[4] the State urges that the 120 day clock cannot run unless current counsel files an art. 701 affidavit.
Asserting that the Court of Appeal’s result is correct, Green argues that once the 120 day clock started, nothing done by current retained counsel or IDB counsel stopped its running. Green argues that he should have been tried not later than the elapse of 120 days from the filing of the motion for speedy trial, which period would have run on July 16, and nothing done by current counsel, who enrolled after July 16, has any bearing in this case and he must be released from custody.
Green suggests that the State bears the burden of proving just cause for delay, but the State has failed to carry that burden. Analogizing the art. 701 time period to the prescriptive period for a tort claim, Green concludes that just as a tort claim is barred if filed later than one year from the date of injury, a defendant who is incarcer *321 ated beyond 120 days from filing a speedy trial motion can no longer be continued in custody.
Synthesizing the disparate contentions of the parties suggests that the case turns upon the resolution of two issues: 1) in the past, whether Green was continued in custody in violation of his right to a speedy trial; and 2) whether maintaining Green’s present incarceration violates his right to a speedy trial. We address each in turn.
| ^Whether Past Incarceration Violated the Right to Speedy Trial
While this court did not state outright that the defense’s acquiescence to a delay means that the period of delay is not counted, we implied as much in State v. Lathers, 2000-KK-2970 (La.11/1/2000), 772 So.2d 659. In vacating another ruling by the First Circuit in a case similar to the instant case, this court in Lathers stated simply: “Defense counsel acquiesced to the October 23, 2000 trial date which was beyond the statutory time delays for a speedy trial provided in La. Code Crim. Proc. Ann. art. 701(D).” Id., 772 So.2d 659-60.
Similarly, the Fourth Circuit came close to spelling out that there is a day for day reduction from the speedy trial period for the defense’s acquiescence to delay:
While the State cannot legally impinge on the defendant’s right to a speedy trial by continuing previously commenced pretrial motions indefinitely, neither may the defense, after obtaining a release of the defendant from .custody, withdraw all unfinished motions with the hope of vitiating retroactively all interruptions of time limitations which were in effect due to these very motions ....
State v. Henritzy, 96-0164, p. 4 (La.App. 4 Cir. 1/22/1996), 668 So.2d 483, 485 (emphasis added).
We now clearly hold that there is a day for day reduction of the statutory period for a speedy trial when the defense acquiesces to time delays. The day for day reduction in the present case is applied to the following time delays:
• On March 16, 2001, IDB counsel started the 120 day clock by filing a motion for speedy trial.[5] Not counting the date of filing, 120 days would have elapsed on July 14, which was a Saturday. Thus, the earliest trial date possible after 120 days from filing would have been Monday, July 16.
• On April 10, Green’s IDB counsel agreed to a delay resulting in a rescheduled hearing on June 12. This delay comprised 64 days. Accordingly, on July 16,
| fiinstead of 120 days elapsing, only 56 (i.e. 120 minus 64 days of delay) had tolled from the 120 day clock. Thus, contrary to Green’s assertion, there was no need to bring Green to trial on or before July 16.
• Continuing to count from July 16, at which point 56 days had tolled, on the date that Green’s retained counsel enrolled as counsel of record (August 23), because of IDB counsel’s delay, only 95 days had tolled.
While retained counsel would have the court begin the counting of days from the date that the IDB counsel filed the art. 701 affidavit, and continue to count the tolling of days past the date that retained counsel enrolled as counsel of record, that approach would require the court to ignore the function of the affidavit. An affidavit is “a declaration of facts ... confirmed by *322 the oath or affirmation of the party making it.... ” Black’s Law Dictionary, pg. 58 (6th ed. 1990).
Once the IDB counsel was replaced at Green’s request on August 23, her earlier affirmation that she and Green were ready for trial was ipso facto negated.[6] Stated differently, because she no longer represented Green, her affirmation that she was ready for trial could no longer remain true. Thus, through the point in time that retained counsel took over on August 23, there has never been a violation of the right to speedy trial and Green was properly continued in custody.
Whether Continued Incarceration Violates the Right to Speedy Trial
Because retained counsel has not filed an art. 701 affidavit, there is presently no valid statement (for the reasons shown in the preceding two paragraphs) that Green and his current counsel are ready to proceed to trial.[7] Accordingly, there is no present ^violation of the right to speedy trial by continuing Green in custody. Conclusion
The 120 period has not run, owing to delays and failures attributable to Green’s counsel, pretermitting the need for the State to show “just cause” for delay. Therefore, there has been no violation of the right to speedy trial and the trial court’s order maintaining Green in custody was, and remains, proper. Accordingly, the ruling of the Court of the Appeal is hereby VACATED and REVERSED, and the ruling of the trial court denying Green’s motion to be relieved of any bail obligation because of a violation of Green’s right to a speedy trial, is reinstated. This case is remanded to the district court for further proceedings.

. Because C.Cr.P. art. 701 D. (l)(a) provides in pertinent part that "The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody ...” (emphasis added), the two-judge majority must have meant "inside " *320 rather than "outside” of the 120-day time period.

.Art. 701 D. (1) provides in pertinent part:
A motion by the defendant for a speedy trial, in or to be valid, must be accompanied by an affidavit by defendant's counsel certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in this Article. After the filing of a motion for a speedy trial by the defendant and his counsel the time period for commencement of a trial shall be as follows: (a) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody....
(Emphasis added).

. Art. 701 B. (2) provides in pertinent part:
"Failure to institute prosecution as provided in Subparagraph (1) shall result in release of the defendant if, after contradictory hearing with the district attorney, just cause for the failure is not shown.”

. Specifically, "in order to be valid, [the motion] must be accompanied by an affidavit by defendant's counsel_” C. Cr. P. art. 701 D. (1) (Emphasis added). The State essentially argues that if retained Counsel is the now the only counsel of record, then the above requirement has not been met if retained counsel fails to provide an affidavit.

. Retained counsel's argument proceeds from the premise that the earliest that the period can begin is at the filing of the motion.

. From the record before us, August 23 is the latest point at which Green terminated his representation by IDB counsel, but the allegations of both parties suggest that the actual date may have been much earlier.

. Green voluntarily changed counsel from IDB counsel to retained counsel. We do not imply that if the change in counsel is due to circumstances beyond the control of the defendant, such as death or resignation of counsel, that the 120-day clock would automatically start anew.