EDWIN A. LOMBARD, Judge.
hThe juvenile, D.J., seeks review of the trial court judgment denying his motion to dismiss for failure to timely prosecute. For the following reasons, we reverse the judgment of the trial court.

Relevant Facts and Procedural History

D.J. was arrested for theft of an automobile on July 8, 2012.
On July 9, 2012, the State filed the petition charging D.J. with illegal possession of stolen things in violation of La.Rev. Stat. 14:69 and the juvenile appeared at a hearing before Judge Doherty (Section “F” of Juvenile Court) to answer, denying the offense charged. Accordingly, that same day (July 9, 2012), Judge Doherty signed an order finding probable cause for *505 the arrest, setting the matter for a further hearing in Section “C” on July 16, 2012, and remanded the juvenile to custody pending the hearing, setting his bond at “$85,000.00 property or surety or 10% cash.” On July 10, 2012, Judge Doherty signed an order identical to the order signed on July 9, 2012.
Defense counsel filed a motion for release pending trial, stating D.J. was unable to afford bond and was not a danger to the public or likely to miss future court appearances. After a pretrial hearing on July 16, 2012, Judge Nadine Ramsey | g(Ad Hoc, Section “C”) denied the motion for release pending trial and set the matter for trial on August 13, 2012. The judgment of July 16, 2012, also states that the juvenile entered a plea of not guilty on that date. On July 17, 2012, Judge Ramsey granted D.J. motion for discovery, requiring the State to provide all requested discovery by August 9, 2012.
On August 6, 2012, the State filed a motion to extend the trial date, stating as its reasons: (1) at the pretrial conference on July 16, 2012, Section “C” did not have a copy of the judgment from Section “F” and “as such the juvenile again entered a denial to the petition on July 16, 2012;” (2) the case was set for trial on August 13, 2012; (3) the deadline for trial pursuant to La. Ch.Code art. 877(A) was August 8, 2012; (4) “Section C is currently closed.” Based on these reasons, the State requested the court “to find good cause to extend defendant’s trial deadline to August 13, 2012.” On August 6, 2012, Judge Doherty (of Section “F”) granted the motion, stating that good cause has been shown to extend the La. Ch.Code art. 877(A) deadline until August 13, 2012.
On August 13, 2012, defense counsel orally moved the court to dismiss the petition for failure to timely prosecute. The court denied the motion and commenced the adjudication hearing. At the conclusion of trial, D.J. was adjudicated a delinquent. D.J. appeals.

Applicable Law

La. Ch.Code art. 877(A) clearly states that, unless charged with a crime of violence, when a child is in continued custody “the adjudication hearing shall commence within thirty days of the appearance to answer the petition.” La. Ch.Code art. 877(A) (emphasis added). This time period is mandatory. State in the Interest of R.D.C., Jr., 93-1865, p. 4 (La:2/28/94), 632 So.2d 745, 748. If the ^adjudication hearing “has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.” La. Ch.Code art. 877(C).
La. Ch.Code art. 877(D) provides that “[f]or good cause, the court may extend such period.” In considering what constitutes good cause, a court should be mindful of those situations or causes beyond the control of the State that may impinge on its ability to prepare for a hearing. State in the Interest of R.D.C., Jr., p. 6, 632 So.2d at 749 (“draconian definition” of good cause is not appropriate when State seeks extension of deadline). Notably, the article does not provide for an adjudication hearing to be initially set outside the mandatory period; rather, it specifically allows the court to extend the deadline for adjudication if good cause is demonstrated. State ex reí J.B., 03-0587, p. 4 (La.App. 4 Cir. 12/10/03), 863 So.2d 669, 671.

Discussion

The issue before this court on appeal is whether, in accordance with La. Ch.Code art. 877, the trial court abused its discretion in denying the juvenile’s motion to dismiss.
The juvenile answered the petition on July 9, 2012. He was unable to make bond *506 and his motion for release pending the adjudication hearing was denied. Thus, he was in continued in custody pending his adjudication hearing and, as such, pursuant to La. Ch.Code art. 877(A), the adjudication hearing should have been set on or before August 8, 2012. It was clear error for the adjudication hearing to be set beyond the mandatory deadline.
If we accept arguendo this error (setting an adjudication hearing beyond the mandatory deadline) can be corrected after the fact by a motion to extend the ^adjudication hearing to the original date set, the issue becomes whether a bureaucratic/administrative error (the judge in Section “C” not having a copy of the judgment of August 9, 2012, before her at the hearing on July 16, 2012) constitutes “good cause” under La. Ch.Code art. 877(D).
The State argues that the juvenile acquiesced in the initial setting of the adjudication hearing date and, therefore, because there is no definition for “good cause” in the Louisiana Children’s Code, we must look to jurisprudence analyzing La. Code Crim. Proc. art. 701, the speedy trial provision for adult defendants. The State’s reliance on this argument and citation to State v. Lathers, 2000-2970 (La.11/01/00), 772 So.2d 659, and State v. Green, 2001-3358 (La.2/1/02), 808 So.2d 318, is misplaced. The State cites no statute or case in which these cases have been applied to a juvenile adjudication hearing and, in fact, this argument (citing Lathers and Green) has already been rejected by this court. See State in the Interest of W.P., unpub., 2011-1442, p. 3 (La.App. 4 Cir. 3/7/12), 82 So.3d 571, writ denied, 2012-0794 (La.9/28/12), 98 So.3d 802.
Moreover, juvenile proceedings are specifically governed by the provisions of the Children’s Code, La. Ch.Code art. 103, and only when there is no applicable provision in the Children’s Code does the court look to a relevant provision in the Code of Criminal Procedure. La. Ch.Code art. 104. In this case, the Children’s Code provides a specific procedure and mandates a specific outcome for a violation of that procedure; the Code of Criminal Procedure is not applicable. Further, the outcome provided in the Children’s Code is drastically different from the one provided in the Code of Criminal Procedure for adult defendants: La.Code Crim. Proc. art. 701 allows only for the release of the defendant from jail without bail if the matter does not proceed to trial timely; it | ¿does not mandate dismissal of the charge in addition to ordering the release as does La. Ch.Code art. 877.
In addition, the juvenile court and the State are equally bound to be familiar with the record. State in the Interest of W.P., supra; see also State in the Interest ofKB.C., 2010-953 (La.App. 3 Cir. 12/8/10), 54 So.3d 735 (failure to commence adjudication hearing within time period of La. Ch.Code art. 877 is patent error). In this case, the record contains two signed judgments from the July 9, 2012 hearing. One is dated July 9, 2012, and the other is dated July 10, 2012. Both are signed by Judge Doherty, and both reveal that D.J. entered a denial to the charges in the petition on July 9, 2012. Coincidentally, both indicate that the State was present at the July 9, 2012 hearing. Clearly, because the State was present at the hearing, knowledge of D.J.’s denial of the charge can be imputed to the State. In addition, although the State asserts that Judge Ramsey did not have a copy of either judgment at the hearing on July 16, 2012, there is no evidence of this in the record before us. It is not the duty of defense counsel to inform the court of the date the juvenile appeared to answer the petition when that evidence is in the record; rather, it is the duty of the juvenile court and the State to be familiar with the record. State in the Interest of W.P., supra.
*507 Even accepting arguendo that the trial judge did not have a copy of the judgment relating to the July 9, 2012, hearing in front of her at the hearing, this is an administrative error that does not impinge the State’s ability to prepare for the adjudication hearing and certainly does not justify extending the deadline during which the juvenile remains in custody pending that adjudication hearing.
With regard to the State’s suggestion that D.J. waived his right to a timely adjudication by failing to object to the adjudication date when it was initially set, Ifithis argument has already been considered and rejected by this court. In State in the Interest of W.P., supra, the juvenile entered a denial to the offense charged in the petition on July 8, 2011, and July 21, 2011. On July 21, 2011, a trial date of August 15, 2011 was set. The juvenile filed a motion to dismiss which the trial court granted. The State appealed, citing Lathers and Green in support of its argument that W.P. waived the right to a timely adjudication by acquiescing in the trial date. After examining jurisprudence arising after Lathers and Green, and specifically involving juveniles, this Court determined “[ajbsent an explicit waiver of the right to a timely adjudication, we decline to find that W.P. waived the right to the commencement of an adjudication proceeding” within the time limits imposed by La. Ch.Code art. 877. Id., p. 4, 82 So.3d 571.
Finally, the State argues that pursuant to the Code of Criminal Procedure, defense counsel’s oral motion to dismiss was invalid because the Code of Criminal Procedure mandates that motions to quash be in writing. However, although La.Code Crim. Proc. art. 531 provides that pleas and defenses “shall be urged by a motion to quash,” the applicable Children’s Code article states “[a]ll objections to the proceedings, including objections based on defects in the petition and defenses capable of determination as a matter of law, may be raised by motion to dismiss.” La.Code Crim. Proc. art. 531 (emphasis added); La. Ch.Code art. 763(emphasis added). As previously stated, the Children’s Code has primacy over the Code of Criminal Procedure in juvenile matters and, therefore, we decline to find that a motion to dismiss under La. Ch.Code art. 877 must be in writing.

Conclusion

After review of the record in light of the applicable law and arguments of the parties, we find that DJ.’s adjudication hearing did not take place within the 17mandated time period of La. Ch.Code 877 and no “good cause” existed to extend the mandated deadline. Accordingly, the trial court abused its discretion in denying the motion to dismiss. The judgment of the trial court is reversed.
REVERSED