PER CURIAM.
| ,Writ granted. La.Ch.C. art. 877(A) sets forth the time limitations for delinquency adjudication hearings such as the present one and provides: “If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.” Additionally, La.Ch.C. art. 877(D) provides: “For good cause, the court may extend such period.” Here, through administrative error arising from the movement of the case from one section of the juvenile court to another, the adjudication hearing was set five days after the expiration of the 30-day time limit without objection by *36 the child. Before the expiration of the time limit, the state recognized the error and requested an extension to maintain the hearing date apparently agreed upon by all parties. The juvenile court found that good cause existed and granted the state’s request. The court accordingly denied the child’s motion to dismiss on the date set for the hearing, and thereafter adjudicated the juvenile delinquent. The court of appeal, relying on State in the Interest of W.P., 11-1442 (La.App. 4 Cir. 3/7/12), 82 So.3d 571 (unpub’d), found that the juvenile court abused its discretion in denying the motion to dismiss 12because the child’s acquiescence in the setting of an untimely hearing date did not waive his right to strict compliance with La.Ch.C. art. 877(A). The court of appeal therefore reversed the juvenile court’s ruling, effectively vacating the lower court’s adjudication of the juvenile as delinquent and its disposition of the case. State in the Interest of D.J., 12-1416, pp. 5-6 (La.App. 4 Cir. 4/10/13), 113 So.3d 503, 507. The court of appeal erred in this determination. See State in the Interest of W.P., 12-0794 (La.9/28/12), 98 So.3d 802 (remanding for reconsideration). Under the facts of the matter presented, the juvenile court did not abuse its discretion in denying the motion to dismiss. See State in the Interest of R.D.C., 93-1865, p. 3 n. 4 (La.2/28/94), 632 So.2d 745, 747 (“The hearing, originally set for June 30, 1992, was continued by the court until August 4, 1992, a date outside of the ninety day period [provided by La.Ch.C. art. 877(B) for adjudication hearings when the child is not continued in custody]. However, since the court, the child and the state agreed to this August 4, 1992 date, we will treat it as an extension for good cause by the court.”).
The decision of the court of appeal is therefore reversed, and the juvenile court’s adjudication of delinquency and disposition of the case are hereby reinstated.
HUGHES, J., concurs in the result.