PER CURIAM.
Granted. The court of appeal’s decision in State in the Interest of J.T., 13-1273 (La.App. 4 Cir. 3/12/14), 2014 WL 1092350 (Bagneris, J., Bonin, J., concurring, Lobra-no, J., dissenting) (unpub’d), is reversed, and this case is remanded to the juvenile court for further proceedings. We agree with Judge Lobrano that the acquiescence of the defense to the court’s setting of a hearing date beyond the time limits imposed by La.Ch.C. art. 877(B), apparently subscribing to the particular way in which the state counted delays occurring during the time period, including its dismissal and refiling of the petition, served as the functional equivalent of a good cause extension of the time limits according to a judgment indicating the court set the date of the adjudication hearing “[a]fter conferring with counsel and [the juvenile’s] parents,” and did not provide the court, a different judge presiding, with grounds for then dismissing the delinquency petition on the date of the hearing as scheduled. See State in the Interest of D.J., 13-1111 (La.1/10/14), 131 So.3d 35; State in the Interest of R.D.C., 93-1865, p. 3, n. 4 (La.2/28/94), 632 So.2d 745, 747.
WEIMER, J., and HUGHES, J., would grant and docket.