GUIDRY, J.
|2The State of Louisiana filed delinquency petition number 105722 against thirteen-year-old T.J.[1] on March 6, 2014, alleging that he committed armed robbery (count one) in violation of La. R.S. 14:64, and two counts of attempted armed robbery (counts two and three) in violation of La. R.S, 14:27 - and 14:64. On October 28, 2014, the allegations were dismissed without prejudice on the motion of-the State.
On April 2, 2015, the State re-filed a petition against T.J. under case number 107648, again alleging T.J. to be delinquent based on the above allegations. T.J. denied the allegations that same date. At an adjudication hearing on May 5, 2015, the State amended the petition to dismiss count two and to reduce the allegations under counts one and three. T.J. admitted to the reduced allegations of simple assault (count one), in violation of La. R.S, 14:38, and attempted first degree robbery (count three), in violation of La. R.S. 14:27 and La. R.S. 14:64.1. The juvenile court adjudicated T.J. a delinquent based on the reduced charges.
On May 27, 2015, T.J. filed a motion to vacate the adjudication and dismiss the ré-filed petition number 107648, urging that the time delay for prosecution had elapsed prior to the adjudication. On July 8, 2015, the juvenile court granted the motion to vacate the adjudication and dismissed the re-filed petition. The State now appeals, raising two assignments of error that challenge the juvenile court’s ruling on the motion to vacate the adjudication and dismiss the petition. For the following rea *487 sons, we reverse the ruling of the juvenile court.
STATEMENT OF FACTS
The following factual basis was acknowledged as true and correct on May 5, 2015, when T.J. admitted to the amended allegations in the petition:
|aOn March 2nd, 2014, Rudolph Wilson, Jaylin Grant, and D’Vancia Fussel they were walking in the 6500 block of Harry Drive when they were confronted by three individuals. One of the individuals, of course, being [T.J.]; another individual being an adult, Storm Acrum; and there was a female that was accompanying [T.J.] and Storm Acrum. At that point the victims were confronted. [T.J.] had what the victims believed to be a handgun. They — the victims’ cell phones were demanded to be turned over. The victims complied and, in fact, turned over those cell phones. They were able to give a descriptions [sic] of the suspects. That information was quickly dispatched. Baton Rouge Police Department actually saw the suspects that fit that description. And in this case the victims were able to say what . directions the suspects went in.
Corporal Martrand responded on this call because he had information as to an apartment that the victims — that the suspects went in to, he was able to actually make contact with ... [T.J.’s] mother. He advised [T.J.’s mother]- what he was investigating. [TJ.’s mother] gave him permission to come into her home and search. Upon searching the apartment, and specifically, [T.J.’s] room, Corporal Martrand was able to locate the two cell phones that were stolen from the victims. Also, the BB gun that was used in the offense was recovered as well.
ASSIGNMENTS OF ERROR
In the related assignments of error, the State challenges the juvenile court’s ruling on TJ.’s motion'to vacate the adjudication. Specifically, in assignmént of error number one, the State argues that the juvenile court erred in granting TJ.’s motion to vacate. In assignment of error number two, the State argues that the juvenile court should have recognized T.J.’s waiver of his right to an adjudication hearing within ninety days of the appearance denying the allegations of the petition. The State asserts that T.J.’s agreement to vacate the trial and pass the matter without date in open court on September 2, 2014, arguably constituted a Waiver of the time delays in La. Ch. C. art. 877(B). The State contends that a child Who acquiesces in the waiver of the time delays for his own benefit should not be allowed to complain after the fact.
The State further contends that the juvenile court was within its authority to extend the time delays for good cause in recognizing the agreement reached between the parties. The State notes that the reason for the delay Was to allow T.J, Ran opportunity to rehabilitate himself. The State argues that -there was no prejudice to- T.J. because had he not .reoffended, the State would have upheld its agreement to not prosecute him on, the crimes of violence. Citing State in the Interest of J.T., 14-0762 (La.11/14/14), 156 So.3d 1143 (per curiam), the State contends that the Louisiana Supreme Court has arguably recognized that a juvenile defendant can waive the time delays provided in La. Ch, C. art. 877. Alternatively, the State asks for a finding that there was good cause to extend the time delays. The State notes that there was no objection to the re-filing of the petition when the State moved to dismiss the matter without prejudice on *488 October 28, 2014, or when T.J. entered admissions on May 5, 2015.
DISCUSSION
If a child is charged with a crime of violence as defined in La. R.S. 14:2(B) and is continued in custody, an adjudication hearing must be commenced within sixty days of the child’s appearance to answer the delinquency petition. La. Ch. C. art. 877(A). If a child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition. La. Ch. C. art. 877(B).
As previously stated, T.J. was charged with one count of armed robbery and two counts of attempted armed robbery under petition number 105722, and all three counts constitute crimes of violence pursuant to La. R.S. 14:2(B)(21). Petition number 105722 was filed on March 6, 2014. T.J. denied the allegations of the petition on March 7, 2014, at the appearance hearing. The initial adjudication hearing was set for May 6,2014.
For good cause shown, the court may extend the time period for commencement of an adjudication hearing. La. Ch. C. art. 877(D). In this case, it is uncontested that the time delays up to the dismissal of petition number 105722 on October 28, 2014, were waived and/or extended for good cause by the juvenile | ¡¡court. Thus, the only true issues before us in this appeal are (1) whether the State had authority to re-file the allegations of petition number 105722 against T.J. under petition number 107648; and (2) whether the record before us evidences a basis for finding that there was a good cause extension of the time limitation for trial. Based on the governing jurisprudence applying La. Ch. C. art. 877, we find the State was not precluded ¡from re-filing the allegations of petition number 105722 against T.J. in petition number 107648, and further, based on the actions of the juvenile court and the parties, we find there was a good cause extension of the time limitation in this matter allowing for the re-filing under petition number 107648.
In State in Interest of J.T., 13-1273 (La.App. 4th Cir.3/12/14), 2014 WL 1092350 at *3 (unpublished opinion), rev’d, 14-0762 (La.11/14/14), 156 So.3d 1143 (per curiam), the appellate court affirmed the juvenile court’s dismissal of prosecution, holding that the re-filing of new charges upon dismissal of prosecution does not trigger new time limits to begin prosecution. One judge dissented, observing that all parties were present when the juvenile answered the re-filed petition and no objections were offered when the juvenile court set a new trial date pursuant to the re-filed petition. Thus, the dissenting judge concluded that “[ajbsent expressed language in that judgment to indicate the defense objected to the new trial date, I find the judgment is sufficient proof that the defense acquiesced to the setting of [the new] trial date, and, therefore, it should be treated as an extension for good cause by the court.” J.T., 2014 WL 1092350 at *4.
The Louisiana Supreme Court agreed and summarily reversed the judgments of the lower courts in J.T. for the reasons expressed by the dissenting judge, holding:
[T]he acquiescence of the defense to the court’s setting of a hearing date beyond the time limits imposed by La. Ch.C. art. 877(B), apparently subscribing to the particular way in which the state counted delays occurring during the time period, including its dismissal and refiling of the petition, served as the functional equivalent of a good | epause extension of the time limits according to a judgment indicating the court set *489 the date of the adjudication hearing “[a]fter conferring with counsel and [the juvenile’s] parents,” and did not provide the court, a different judge presiding, with grounds for then dismissing the delinquency petition on the date of the hearing as scheduled.
State in Interest of J.T., 14-0762 (La.11/14/14), 156 So.3d 1143 (per curiam) (emphasis added).
In State in Interest of J.M., 13-2573 (La.12/9/14), 156 So.3d 1161, the State was granted an initial continuance of the adjudication to a date beyond the time limit otherwise provided by La. Ch. C. art. 877, but when the State requested a second continuance, the request was denied by the juvenile court. Instead of objecting to the denial of its motion for continuance or seeking supervisory review of the denial, the State entered a nolle prosequi dismissed the original charges, and filed a new petition against the juvenile based on the same charges as alleged in the original petition on the same day that it-dismissed the original petition. J.M., 13-2573 at p. 2, 156 So.3d at 1163, In affirming, the juvenile court’s dismissal of the prosecution under the new petition, the Louisiana Supreme Court “firmly” held that “this practice of entering a nolle prosequi and dismissing charges as a method of extending the time period for adjudication is not allowed in juvenile cases where the Children’s Code time limits are mandatory and, unlike the Criminal Code, may only be extended by a finding of good cause.” J.M., 13-2573 at p. 5, 156 So.3d at 1164.
Similarly, in State in Interest of D.S., 14-1253 (La.App. 1st Cir.12/23/14), 2014 WL 7331946 (unpublished opinion), this court observed that under La. Ch. C. art. 877, “there is no need for the state to dismiss [a petition] and then justify its refiling after the [limitation period provided in La. Ch. C. art. 877] has run; rather, it is incumbent on the state to make a showing of good cause and obtain an extension before the period has run.” D.S., 2014 WL 7331946 at *2. The State in that matter filed new petitions based on the same occurrence as alleged in the 17original petition, which the State dismissed after the juvenile court denied its motion for a second continuance. This court found that the State’s filing of new petitions was clearly done after the juvenile court had found no good cause for an extension of the time limitation to commence the adjudication hearing under the original petition. It was further observed that because the State failed to seek timely review of the juvenile court’s denial of its motion for a second continuance, this court had to “accept the juvenile court’s implicit conclusion that there was no good cause for an extension[J” This court thus held that “[o]nce the state dismissed its initial petition after the juvenile court’s finding of no good cause, it was not permitted to re-file petitions based upon the same alleged occurrence.” D.S., 2014 WL 7331946 at *4.
Unlike in J.M. and D.S., the record before us clearly shows that the State did not file petition number 107648 for the-purpose of extending the time limitation of La. Ch. C. art. 877. Rather, the record reveals. a myriad of attempts made by the State to ensure the fair and reasonable prosecution of T.J. on the underlying charges in a way that would provide the least repercussions and yet promote his rehabilitation.
More importantly, this case notably differs from J.M. and D.S. in that the juvenile court in this matter never once declined to grant a continuance of the prosecution. Instead, the record shows that the juvenile court repeatedly agreed to continúe, set, and reset hearings in this matter as requested by the parties, thereby implicitly finding good cause for *490 extension of> the La. Ch. C. art. 877 time limitation. While it has been conceded by T.J. that up to the dismissal of the original petition on October 28, 2014, the time limitation of La. Ch. C. art. 877 was effectively waived, reference should still be made to the actions of the parties and the juvenile court at the hearing immediately prior to that dismissal...
IsOn September 2, 2014, instead of going forward with an adjudication hearing on petition number 105722, the State offered a proposal by which the charges against T.J. would be dismissed if T.J; successfully completed a program-in which he had been placed pursuant to his disposition on an unrelated1 charge of criminal mischief under petition number 105509. The State made the offer because the offenses charged under petition number 105722 were “more serious” and involved ah adult có-defendant. Thus, the State proposed passing the trial without date and setting the case for a status hearing on October 28, 2014, which was two weeks before T.J. was due to complete the program in which he had been placed for the criminal mischief disposition. T.J.’s counsel agreed to passing the trial without date and setting the matter for a status hearing on October 28, 2014.
Before passing the trial date and resetting the matter for the requested status hearing, the juvenile court asked T.J. 'if he understood what had been proposed, and T.J. replied “[n]o, ma’am.” The juvenile court then explained, “[w]hat the D.A. is saying is, if you are doing well, if you are successfully completing that program that he’s inclined to dismiss the — well, particularly the — well, the armed robbery charge because he would trust that you will continue doing well, even when you get out.” Following this explanation by the court, T.J. responded “[y]es, ma’am[,]” and then the court further explained, “[o]kay. Because they can dismiss the charge and bring it back for up to two years. So he’s willing to — to trust you, to give you a chance, if you — if you’re doing well ... in your placement.” T.J. again responded “[y]es, ma’am” to this further explanation by the court.
At the status hearing held on October 28, 2014, it was acknowledged that T.J. was two weeks from completing the program in which he was placed in disposition of the charges under petition - number 105509, so the State declared that it would dismiss the petition under 105722 without prejudice, Unfortunately, less |flthan six months later, the State re-filed the allegations of petition number 105722 against T.J. under petition number 107648.[2]
At the April 2, 2015 appearance hearing on the re-filed petition number 107648, T.J. denied the allegations of the re-filed petition, and the juvenile court set the matter for an adjudication hearing on May 5, 2015. At the adjudication hearing on May 5, 2015, the State- dismissed count two of the allegations, and amended counts one and three as previously described. T.J. then withdrew his pleas of not guilty (denial) to counts one and three, and instead admitted to the amended allegations. The juvenile court then adjudicated T.J. a delinquent on both of . the amended counts and set the matter for a disposition hearing on June 3,2015.
It was not' until after T.J.’s adjudication of delinquency on the amended allegations *491 of the re-filed petition number 107648 that he raised any objection to the timeliness of the prosecution. T.J. filed a “Motion to Vacate Adjudication” on May 27, 2015, for the first time asserting that “[f]ollowing dismissal, on October 28, 201[4], the time delays for adjudication lapsed, and at no time did the State of Louisiana assert good cause for aiiy extensions beyond the requirements of La. Ch. C. art.: 877.” However, there had been no prior objection to the proceedings on the re-filed petition, but rather the juvenile court, T.J., and the State all basically acquiesced in the proceedings, which acquiescence was sufficient to constitute a good cause extension of the La. Ch. C. art. 877 time limitation. See State in Interest of D.J., 13-1111 (La.1/10/14), 131 So.3d 35 (per curiam); State in Interest of R.D.C., Jr., 93-1865, p, 3 n. 4 (La.2/28/94), 632 So.2d 745,, 747 n. 4. Like the Louisiana Supreme Court in J.T., we find TJ.’s tardy objection, occurring not only after the adjudication hearing to which he had acquiesced had been set, but after he |inhad been adjudicated, cannot serve, after the fact, as grounds for dismissing the refiled delinquency petition in this matter. See J.T., 14-0762, 156 So.3d 1143. Based on the concurrence of the juvenile court, T.J,, and the State in the foregoing proceedings, we find that the setting of the May 5, 2015 adjudication hearing served as the functional equivalent of a good cause extension of the La. Ch. C. art. 877 time limitation. See J.T., 14-0762, 156 So.3d 1143.
Accordingly, the ruling of the juvenile court is reversed, and this case is remanded to the juvenile court for further proceedings.
REVERSED.

. As stated in the petition, T.J.'s date of birth is November 20, 2000.

. The April 2,. 2015 minute entry shows that a bench warrant hearing on petition number 107389 for the charge of unauthorized entry of an inhabited dwelling, a violation of La. • R.S. 14:62.3, was also held orf that date. At the hearing on the motion to vacate the adjudication, the State indicated that it was T.J.'s arrest on the unauthorized entry charge that prompted the re-filing of the petition in this matter.