JUDGE SANDRA CABRINA JENKINS
Relator/defendant, Louis Handy, seeks expedited review of the trial court's ruling granting the State's motion to set aside defendant's motion for speedy trial and granting the State's request for a continuance of the trial date. For the following reasons, we grant defendant's writ, vacate the trial court's ruling, and remand for further proceedings.
*455 PROCEDURAL BACKGROUND[1]
On October 7, 2016, defendant was charged by bill of information with two counts of attempted second degree murder and one count of possession of a firearm by a convicted felon. Co-defendant, Dericka Hunter, was charged in the same bill of information with one count of accessory to second degree murder. At all times during these proceedings, defendant and Hunter have been represented by separate counsel.
On September 10, 2018, defendant filed a motion for speedy trial with an accompanying affidavit certifying that defendant and his counsel were prepared to proceed to trial in accordance with the time delays set forth in La. C.Cr.P. art. 701(D). At that time, trial was set for October 29, 2018.
On October 24, 2018, the State elected to sever the trials of defendant and Hunter. The next day, the State sought a continuance, which was denied by the trial court. The State filed writs in this Court and in the Louisiana Supreme Court. This Court denied the State's writ, but the Louisiana Supreme Court granted the State's writ and granted a continuance. See State v. Handy , unpub., 18-0917 (La. App. 4 Cir. 10/26/18), writ granted , 18-1769 (La. 10/27/18), 254 So.3d 695. Subsequently, trial was reset for January 7, 2019.
On December 20, 2018, defendant appeared with counsel for a pre-trial conference. At that time, the State orally moved for the trial court to set aside defendant's motion for speedy trial and requested a continuance. After hearing arguments from counsel, the trial court granted the State's motion to set aside defendant's motion for speedy trial and granted the State's request for a continuance. Defense counsel objected and noticed intent to seek writs.
Defendant timely filed this writ on January 7, 2019. In consideration of defendant's writ, this Court ordered a per curiam from the trial court and a response from the State.
DISCUSSION
Defendant argues that the trial court erred in summarily rescinding his motion for a speedy trial that was filed in accordance with La. C.Cr.P. art. 701(D), which provides in pertinent part as follows:
D. (1) A motion by the defendant for a speedy trial, in order to be valid, must be accompanied by an affidavit by defendant's counsel certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in this Article. Except as provided in Subparagraph (3) of the Paragraph, after the filing of a motion for a speedy trial by the defendant and his counsel, the time period for commencement of trial shall be as follows:
(a) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
...
(2) Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
(3) After a motion for speedy trial has been filed by the defendant, if the defendant *456 files any subsequent motion which requires a contradictory hearing, the court may suspend, in accordance with Article 580, or dismiss upon a finding of bad faith the pending speedy trial motion. In addition, the period of time within which the trial is required to commence as set forth by Article 578, may be suspended, in accordance with Article 580, from the time that the subsequent motion is filed by the defendant until the court rules upon such motion.
The record reflects that defendant formally invoked his right to a speedy trial on September 10, 2018, by filing the appropriate motion and affidavit required by La. C.Cr.P. art. 701(D)(1), thereby starting the 120 day time period for commencing defendant's trial.[2] Accordingly, absent any suspension or interruption of that time limitation, the State had until January 8, 2019 to bring defendant to trial.[3] See La. C.Cr.P. art. 701(D)(3) ; State v. Green , 01-3358, p. 5 (La. 2/1/02), 808 So.2d 318, 321 ("[T]here is a day for day reduction of the statutory period for a speedy trial when the defense acquiesces to time delays.").
Upon the expiration of the 120 day time limitation for commencing trial, a defendant may file a motion for release from custody; and, in accordance with La. C.Cr.P. art. 701(D)(2), a defendant held in custody shall be released without bail, if after contradictory hearing with the district attorney, just cause for the delay is not shown. The remedy for a violation of defendant's statutory right to a speedy trial under La. C.Cr.P. art. 701 is limited to pre-trial release without bail or discharge of his bond obligation pending trial; "a motion to quash is not provided for." State v. Guy , 99-1893, p. 10 (La. App. 4 Cir. 7/19/00), 775 So.2d 454, 460 ; see State v. Pete , 12-0378, p. 7 (La. App. 4 Cir. 3/20/13), 112 So.3d 353, 358.
Once the motion for speedy trial is filed and the time period begins to run, La. C.Cr.P. art. 701(D) does not provide a mechanism by which the State may move to set aside or dismiss the defendant's properly invoked statutory right to speedy trial, except pursuant to La. C.Cr.P. art. 701(D)(3), "if the defendant files any subsequent motion which requires a contradictory hearing , the court may suspend, in accordance with Article 580, or dismiss upon a finding of bad faith the pending speedy trial motion." (emphasis added).
In this case, the State orally moved to set aside defendant's motion for speedy trial and for a continuance of trial by arguing to the trial court that the failure of the former co-defendant, Hunter, to cooperate with the State could be imputed to defendant. The State did not file a written motion in support of its argument or a motion for continuance of trial in accordance with La. C.Cr.P. art. 707. In addition, no contradictory hearing on the State's motions was noticed or held. Under these circumstances, based upon the applicable provisions of La. C.Cr.P. art. 701(D), we find the trial court abused its discretion in granting the State's oral motion to set aside defendant's motion for speedy trial and motion to continue trial (without date).
*457 CONCLUSION
For the foregoing reasons, we vacate the trial court's December 20, 2018 ruling setting aside defendant's motion for speedy trial, and we remand this matter for further proceedings.[4]
WRIT GRANTED; VACATED AND REMANDED

The facts underlying the charged offenses are not pertinent to our review of defendant's writ.

The record reflects that defendant has been continued in custody since he was charged on October 7, 2016.

In this case, the record indicates that the trial setting of November 26, 2018 was continued on the joint motion of the defense and the State; on December 6, 2018, the trial date was set for January 7, 2019. Arguably, the 120 day time limitation was suspended from November 26, 2018 until December 20, 2018, when defendant objected to the trial court's ruling setting aside the motion for speedy trial and granting the State's continuance.

Defendant is not entitled to release at this time, as he has not filed a motion for release pursuant to La. C.Cr.P. art. 701(D). If, on remand, defendant seeks such relief, the trial court shall hold a contradictory hearing in accordance with La. C.Cr.P. art. 701(D)(2).